# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>        Plaintiffs and<br>        Counterclaim Defendants,<br><br>   v.<br><br>EXPRESS MOBILE, INC.,<br><br>        Defendant and<br>        Counterclaim Plaintiff. | Case No. 19-439-RGA |

**NOTICE OF SERVICE OF AMENDED SUBPOENA AND NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that Plaintiffs Shopify Inc. and Shopify (USA), Inc. ("Shopify") will serve the amended subpoena attached hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Shopify, by and through its undersigned attorneys, will take the video deposition upon oral examination of Mozilla Corp. on August 7, 2020 at 9:00 a.m., or as otherwise mutually agreed upon by counsel.

The deposition(s) will be taken before a qualified notary public or other officer authorized to administer oaths and record testimony pursuant to Rule 28 of the Federal Rules of Civil Procedure and will be recorded by video and stenographic means.

NOTICE IS FURTHER GIVEN that this deposition will be conducted utilizing the web-based deposition services and the counsel for the parties will appear for, and participate in, this deposition remotely. Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear that the necessary credentials and testing can be provided to you prior to the proceedings.

ME1 33969944v.1

Dated: August 3, 2020

OF COUNSEL:

Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Whitney R. O'Byrne
Timothy P. Horgan-Kobelski
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
wobyrne@durietangri.com
tkobelski@durietangri.com

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
(302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs/Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., <br> *Plaintiff* <br> v. <br> EXPRESS MOBILE, INC., <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 19-439-RGA <br> ) <br> ) <br> ) |

**AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Mozilla Corp. c/o Registered Agent: National Registered Agents, Inc.
818 West Seventh Street, Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Attachment A

| Place: ~~Sheraton Grand Los Angeles~~ 711 South Hope Street (VIDEO DEPOSITION) Los Angeles, California 90017 | Date and Time: 08/07/2020 9:00 am PT |
|---|---|

The deposition will be recorded by this method: by video and stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/03/2020

| *CLERK OF COURT* | OR | /s/ Daniel M. Silver |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Shopify Inc. and Shopify (USA) Inc. , who issues or requests this subpoena, are:
Daniel M. Silver, 405 N. King St., 8th Flr., Renaissance Centre, Wilmington, DE 19801, dsilver@mccarter.com
(302) 984-6300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 19-439-RGA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT**

**DEFINITIONS AND INSTRUCTIONS**:

1.  In light of local and national circumstances related to COVID-19, Shopify expects that the deposition will occur using remote videoconference software such that the deponent's physical presence at a particular location is not required. Should a physical location for the deposition be necessary, the deposition may be conducted at the location specified on the cover page of this subpoena, or other mutually agreeable location.

2.  The terms "Document" and "Thing" include the full scope to the usage of these terms in Rule 34 of the Federal Rules of Civil Procedure. "Documents" also include all electronic documents, data and information, including but not limited to e-mails or other electronic messages, drafts of documents, metadata, attachments to e-mails or messages, internet service provider e-mails, voicemails, images, spreadsheets, draft spreadsheets, database files, faxes sent and received, contact lists, electronic calendars, and appointment reminders. A draft or non-identical copy is a separate Document within the meaning of this term. "Things" also include tangible things, items, products, and/or software.

3.  The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust-incorporated organization, governmental, legal or political subdivision, and any non-natural persons of whatever nature.

4.  The singular shall be deemed to include the plural, and the plural shall be deemed to include the singular, as necessary to make the topic inclusive rather than exclusive.

5.  The masculine, feminine, or neuter shall be construed either conjunctively or disjunctively as necessary to make the topic inclusive rather than exclusive.

6. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the topic inclusive rather than exclusive.

7. Each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

8. Any request phrased in the present tense shall be read as if propounded in the past tense and vice versa as necessary to make each topic inclusive rather than exclusive. All verbs shall be construed to include all tenses as necessary to make the topic inclusive rather than exclusive.

9. To the extent that any proper name used herein is incorrect, it is to be construed as the correct proper name, if the correct name is reasonably identifiable from the name used.

## TOPICS FOR DEPOSITION:

10. The authenticity of the files located at https://ftp.mozilla.org/pub/mozilla/source/mozilla-19980331-unix.tar.gz and https://ftp.mozilla.org/pub/mozilla/source/mozilla-19980331-mac.sit.bin as true and correct copies of the source code for Netscape Communicator as it existed on at least March 31, 1998.

11. The authenticity of the files located at https://web.archive.org/web/20020602054050/https://ftp.mozilla.org/pub/mozilla/source/ as true and correct copies of the source code for Netscape Communicator and the public availability of each file as of the corresponding date listed in the "Last modified" column.

12. The authenticity of the files located at https://dxr.mozilla.org/classic/source/ (including any subdirectories) as true and correct copies of the source code for Netscape Communicator and the public availability of each file as of the corresponding date listed in the "Modified (UTC)" column.