# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | Civil Action No. 19-cv-00439-RGA |
| | ) | |
| v. | ) | |
| | ) | Honorable Richard G. Andrews |
| EXPRESS MOBILE, INC. | ) | |
| | ) | ██████████████ |
| Defendant/Counterclaim Plaintiff. | ) | ██████████████ |
| | ) | **PUBLIC VERSION** |

## EXPRESS MOBILE, INC.'S OPPOSITION DISCOVERY LETTER FROM TIMOTHY DEVLIN TO THE HONORABLE RICHARD G. ANDREWS DATED AUGUST 17, 2020

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdockterman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
**STEPTOE & JOHNSON LLP**
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Defendant and Counterclaim Plaintiff Express Mobile, Inc.*

Dear Judge Andrews:

Shopify's motion to compel should be denied. First, Shopify filed its motion after fact discovery closed on July 24, 2020, and its motion for additional discovery is untimely. Second, Shopify has not made the "particularized showing" of relevance required to obtain discovery of settlement negotiations and Express Mobile is not withholding any settlement communications. Third, Express Mobile has accrued thousands of privileged and immune documents since it began litigating its patents on April 6, 2015. Logging correspondence after that date is an overwhelming and onerous task that is disproportionate to the needs of this case.

I.       **Background**

Since April 6, 2015, Express Mobile has successfully filed and litigated over eighty patent cases involving the patents-in-suit. *See* Ex. 1. Express Mobile settled most of these cases over the last five years, and trial counsel was responsible for negotiating each settlement. Shopify requested in May 2019 that Express Mobile produce documents from its prior litigations, including settlement agreements. *See* Ex. 2 at 9–10 (RFP Nos. 23–27). Express Mobile complied with Shopify's requests and produced every settlement agreement. *See* Ex. 1. The parties also agreed to exchange custodial, ESI document discovery. *See* Exs. 3–5. Specifically, the parties agreed to each run a set of ten search terms on the ESI (email and non-email) of ten custodians. Exs. 3–4. Shopify identified ten Express Mobile custodians and Express Mobile produced all responsive, non-privileged documents from those ten custodians.

On July 10, 2020—four months after the parties' search term procedure started—Shopify raised Express Mobile's settlement communications for the first time. Ex. 6 at 2. Express Mobile responded that Shopify had not made the "'heightened, more particularized showing of relevance' for settlement communications" required by courts in the Third Circuit but, nonetheless, Express Mobile was not withholding any relevant documents identified by the search process. Ex. 7.

Regarding privilege logging, Express Mobile ultimately logged privileged items from March 1, 2013 (six years prior to the filing of this lawsuit, *see* Default Standard ¶ 4(e)) to April 6, 2015, and provided Shopify with a log of nearly 1,500 entries. Express Mobile informed Shopify that logging privileged items for the much longer April 6, 2015, to March 1, 2019, time period "is unduly burdensome." Ex. 8.

II.      **Discovery is closed and Shopify's motion is untimely.**

Shopify's motion is untimely. "Motions that relate to fact discovery must be filed during fact discovery." *Allergan Inc. v. Pharmacia Corp.*, No. CIV.A.01-141-SLR, 2002 WL 1268047, at *2 (D. Del. May 17, 2002); *see also Hardwick v. Connections Cmty. Support Programs, Inc.*, No. CV 17-668-RGA, 2020 WL 584046, at *3 (D. Del. Feb. 6, 2020) ("Courts have determined that motions to compel filed after the discovery deadline are untimely and prohibited, absent good cause.") (citations and quotations omitted). Shopify filed this case in March 2019 and could have timely raised these issues, but instead it filed its motion to compel after fact discovery closed on July 24, 2020. The parties are now in expert discovery and Shopify's request to re-open discovery and compel Express Mobile to collect, review, and produce countless documents and log thousands

of additional documents should be denied.

### III.   Express Mobile's settlement communications are not relevant and Shopify is not entitled to a re-do of custodial ESI discovery of Express Mobile's trial counsel.

Contrary to Shopify's assertion, there is a heightened standard of relevance for settlement communications, which Shopify has not met.  Shopify incorrectly asserts that "Federal Circuit law governs and no heightened relevance standard applies," citing *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012).  Dkt. 170 at 2.  *MSTG* concerned only whether the Federal Circuit would adopt a "settlement privilege" under FED. R. EVID. 501, not whether a heightened relevance standard applies to discovery of settlement communications.  *MSTG*, 675 F.3d at 1347 (declining to address limits on "discovery of settlement negotiations").  The Federal Circuit acknowledged that "other courts have imposed heightened standards for discovery" of settlement negotiations and relied on "the existence of such authority" to form its conclusion that the Federal Circuit would not recognize such a privilege.  *Id.*

District courts within the Third Circuit "require heightened showings for discovery of settlement negotiations."[1]  *MSTG*, 675 F.3d at 1347 (citing *Eisai Inc. v. Sanofi–Aventis U.S., LLC*, No. 08–4168, 2011 WL 5416334, at *8 (D.N.J. Nov. 7, 2011)).  Specifically, district courts within the Third Circuit "require the moving party to make a 'particularized showing' that the [settlement communication] sought is relevant and reasonably calculated to lead to the discovery of admissible evidence."  *AgroFresh Inc. v. Essentiv LLC*, No. CV 16-662-MN-SRF, 2018 WL 9578196, at *2 (D. Del. Dec. 11, 2018) (patent case, denying motion to compel settlement communications); *Block Drug Co. v. Sedona Labs., Inc.*, No. CIV A 06-350, 2007 WL 1183828, at *1 (D. Del. Apr. 19, 2007) (same, movant had made "a more 'particularized showing'"); *Pfizer v. Mylan*, No. CV082137DMCJAD, 2012 WL 13034382, at *1 (D.N.J. Jan. 4, 2012) (same); *Eisai*, 2011 WL 5416334, at *8 (same); *c.f. Key Pharm., Inc. v. ESI-Lederle, Inc.*, No. CIV. A. 96-1219, 1997 WL 560131, at *2 (E.D. Pa. Aug. 29, 1997).  "[A] majority of cases within the Third Circuit addressing the issue find no particularized showing, highlighting the stringent nature of the inquiry." *AgroFresh*, 2018 WL 9578196, at *4.

Shopify cannot make a "particularized showing" of relevance here.  Rule 408 states that settlement evidence offered "either to prove or disprove the validity or amount of a disputed claim" is not admissible.  FED. R. EVID. 408.  Shopify speculates that Express Mobile's negotiations may yield some evidence relevant to the hypothetical negotiation between Express Mobile and Shopify. Dkt. 170 at 1.  Shopify's speculation does not amount to a "particularized showing."[2]  *See Pfizer*, 2012 WL 13034382, at *2 (rejecting "tenuous" showing of likelihood of admissibility as outweighed by chilling effect of compelling production of settlement communications); *Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, No. CV 06-2996 (MCA), 2016 WL 10572481, at *2 (D.N.J.

---

[1] Shopify misleadingly asserts that "district courts have declined to require a 'heightened showing' of relevance," but fails to cite any district court case from within the Third Circuit.  Dkt. 170 at 2.

[2] Express Mobile's limited agreement to produce some settlement negotiations in *Express Mobile v. Svanaco* does not establish relevance.  Dkt. 170 at 2–3; Ex. 1.  *Svanaco* was one of the earliest cases and Express Mobile filed another 46 cases since the *Svanaco* case.  Ex. 1.  Express Mobile produced those materials in August 2019 (located within XMO_SHOP00034924–53425).

May 16, 2016) (rejecting mere speculation as to settlement communications where agreement itself was available).

Moreover, under the parties' agreement regarding procedures for custodial document production, there is no more "additional discovery" to provide. Dkt. 170 at 2. What Shopify really wants is a re-do of custodial discovery, and it to have additional custodians beyond those agreed by the parties and already utilized by Shopify. Not only does this run counter to the parties' agreement, it would be far too burdensome and disproportionate to the needs of this case. Express Mobile's outside counsel has over 50,000 emails relating to more than five years of Express Mobile litigation. Any "settlement communication" emails are not segregated, and it would require a Herculean effort to capture and review the tens of thousands of attorney emails, the majority of which are likely privileged.

The Court should deny Shopify's motion.

## IV.    Logging thousands of privileged communications after Express Mobile started litigating the patents-in-suit is unduly burdensome and disproportionate.

Paragraph 1(d)(ii) Delaware Default Standard for Discovery places a temporal limit on what information must be included in a privilege log: "With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs." This reflects the District's appreciation that privileged or immune correspondence multiplies during the pendency of litigation, and forcing parties to log such correspondence is too onerous and disproportionate to the needs of any case. The Default Standard does not anticipate or account for the extensive prior litigation history of this case, but its logic applies equally to a series of related litigations and calls to date-limit the logging of privileged correspondence to before the filing of the first Complaint.

Express Mobile logged 1,500 privileged and immune correspondence for an approximately two-year period before April 6, 2015, the date of Express Mobile's first Complaint. Shopify now requests that Express Mobile log items for the approximately four-year period after that date when the number of privileged or immune items only multiplies and results in a vastly larger log. Shopify's demand is contrary to the spirit of the Default Standard, unduly burdensome, and disproportionate to the needs of this case. *See* Default Standard ¶ 1(d)(ii); FED. R. CIV. P. 26(b)(1). Shopify's select quoting Judge Corley regarding third-party motion practice about potential investors of Express Mobile does not change this result. Dkt. 170 at 3. After Shopify filed its discovery letter, Judge Corley issued her final ruling and rejected nearly all of Shopify's arguments. Dkt. 172-1. Moreover, excluding, as Shopify proposes, "communications involving only Express Mobile's outside litigation counsel or only outside litigation counsel and Stephen Rempell" does little to mitigate the burden. Express Mobile's outside litigation counsel are not document custodians, and Shopify fails to account for several other individuals (e.g., the other Express Mobile custodians) routinely included on these thousands of privileged correspondence.

The Court should deny Shopify's motion.

Respectfully,

*/s/ Timothy Devlin*

Timothy Devlin (No. 4241)

TD/dla
Enclosures
cc:      Clerk of the Court (via CM/ECF, w/encls.)
           Counsel of Record (via email, w/encls.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.1:19-cv-00439-RGA |
| EXPRESS MOBILE, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**[PROPOSED] ORDER**

WHEREAS, the Court having reviewed the parties' letters regarding the currently pending discovery disputes;

IT IS HEREBY ORDERED this ____ day of _____, 2020, that Shopify Inc. and Shopify (USA), Inc.'s motion to compel is **DENIED**.

Date: _____     _____

                              **UNITED STATES DISTRICT JUDGE**
                              **THE HONORABLE RICHARD G. ANDREWS**