IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>          Plaintiffs and Counterclaim Defendants,<br><br>   v.<br><br>EXPRESS MOBILE, INC.,<br><br>          Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

**SHOPIFY INC. AND SHOPIFY (USA), INC.'S MOTION FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT TESTIMONY**

Plaintiffs and Counterclaim Defendants, Shopify Inc. and Shopify (USA), Inc., (collectively "Shopify") respectfully moves this Court for an Order granting summary judgment in its favor pursuant to Federal Court Civil Rule 56, and to exclude certain opinions of Express Mobile, Inc.'s experts, as follows:

**Summary Judgment**

Shopify respectfully requests summary judgment in its favor as follows:

1. Shopify does not infringe the asserted claims of U.S. Patent No. 6,546,397 ("the '397 patent"), U.S. Patent No. 7,594,168 ("the '168 patent"), U.S. Patent No. 9,063,755 ("the '755 patent"), U.S. Patent No. 9,471,287 ("the '287 patent"), or U.S. Patent No. 9,928,044 ("the '044 patent") because the undisputed facts show that required elements are missing from the accused Shopify platform. *See* 35 U.S.C. § 271. Specifically:

    a. Shopify has not infringed and does not infringe the asserted claims of the '397 patent and the '168 patent because Shopify's platform does not include the

1

          claimed "run time engine" or "run time files," literally or under the doctrine of equivalents;

    b.    Shopify has not infringed and does not infringe the asserted claims of the '168 patent because Shopify's platform does not store an "object number" in a database "for each object";

    c.    Shopify has not infringed and does not infringe the asserted claims of the '397 patent because Shopify's platform does not include the claimed "virtual machine"; and

    d.    Shopify does not infringe the asserted claims of the '755, '287, or '044 patents because Shopify's platform does not included the claimed "Player," literally or under the doctrine of equivalents.

2.    Shopify has not willfully infringed and does not willfully infringe any asserted claims and Express Mobile has not offered evidence of "egregious" conduct by Shopify;

3.    The asserted claims of the '397 patent are invalid because the claim term "virtual machine" lacks sufficient written description.  *See* 35 U.S.C. § 112(a).

4.    The asserted claims of the '755, '287, and '044 patents are invalid because the claim term "Player" lacks sufficient written description.  *See* 35 U.S.C. § 112(a).

The grounds for this motion are further set forth in Shopify's contemporaneously-filed Opening Brief in Support of its Motion for Summary Judgment and to Exclude Expert Testimony and supporting papers.

### Exclusion of Certain Opinions of Express Mobile's Experts

In addition, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Shopify hereby moves to exclude expert testimony as

follows:

1. Express Mobile's technical expert, Dr. Kevin A. Almeroth, should be precluded from testifying regarding the technical importance apportionment he conducted, specifically those opinions expressed in paragraphs 607 through 628 of his Opening Expert Report dated September 4, 2020 and paragraphs 220 through 263 of his Reply Expert Report dated November 3, 2020; and

2. Express Mobile's economic expert, Mr. V. Walter Bratic, should be precluded from presenting any calculation of reasonable royalty damages in this matter.

The grounds for this motion are further set forth in Shopify's contemporaneously-filed Opening Brief in Support of its Motion for Summary Judgment and to Exclude Expert Testimony and supporting papers.

Dated: November 25, 2020

OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

MCCARTER & ENGLISH, LLP
By: /s/ Daniel M. Silver
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

3