IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> EXPRESS MOBILE, INC., <br><br> Defendant and Counterclaim Plaintiff. | Civil Action No. 19-439-RGA |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the two pending motions (D.I. 211; D.I. 217) are resolved as follows:

1. Shopify's motion for summary judgment of no infringement of the asserted claims of the Web Design patents regarding the claimed "run time engine" is **GRANTED**.

2. Shopify's motion for summary judgment for non-infringement of the asserted claims of the '168 patent is **GRANTED**.

3. Shopify's motion for summary judgment that it does not infringe the asserted claims of the '397 patent because the browser's JavaScript and rendering engines are not the claimed "virtual machine" is **DENIED.**

4. Shopify's motion for summary judgment that "virtual machine" renders the asserted claims of the '397 patent invalid for lack of written description is **DENIED**.

5. Shopify's motion for summary judgment that Shopify's system does not infringe the asserted claims of the Web Component patents because there is no "Player" is **DENIED**.

6. Shopify's motion for summary judgment that if conditional JavaScript for determining device configuration can be the claimed "Player," the asserted claims of the Web Component patents lack sufficient written description is **DENIED**.

7. Shopify's partial motion for summary judgment on Express Mobile's claims of willful infringement is **GRANTED**.

8. Shopify's *Daubert* motion that Dr. Almeroth's and Mr. Bratic's expert testimony should be excluded is **DENIED**.

9. Express Mobile's motion for summary judgment of no invalidity under 35 U.S.C. § 101 is **GRANTED** as to the asserted claims of all five patents-in-suit.

10. Express Mobile's motion for summary judgment as to no invalidity of the asserted claims of the '397 and '168 patents under 35 U.S.C. § 102 is **DENIED**.

11. Express Mobile's motion for summary judgment that the term "data format class type" in asserted claims 1 and 13 of the '287 patent and asserted claims 1, 17, and 19 of the '044 patent is not indefinite 35 U.S.C. § 112 is **GRANTED**. Plaintiff is ORDERED to submit within one week a proposed claim construction (comprehensible to a jury) for the term "data format class type."

12. Express Mobile's motion for summary judgment that the term "subclass of User Interface (UI) objects" in asserted claims 1 and 13 of the '287 patent and asserted claims 1, 17, and 19 of the '044 patent is not indefinite under 35 U.S.C. § 112 is **GRANTED**.

13. Express Mobile's motion for summary judgment that the claimed "player" that "utilizes information stored in said database to generate for the display of at least a portion of said

one or more web pages" in asserted claims 1, 17, and 19 of the '044 patent is not indefinite under 35 U.S.C. § 112 is **GRANTED**.

14. Express Mobile's *Daubert* motion as to Bakewell related to settlement agreements is **DENIED**.

15. Express Mobile's *Daubert* motion as to Schmandt and Wirfs-Brock related to virtual machine is **DENIED**.

Entered this 21 day of September, 2021.

/s/ Richard G. Andrews
United States District Judge