# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. )<br>)<br>Plaintiffs/Counterclaim Defendants, )<br>)<br>v. )<br>)<br>EXPRESS MOBILE, INC. )<br>)<br>Defendant/Counterclaim Plaintiff. )<br>) | Civil Action No. 19-cv-00439-RGA<br><br>Honorable Richard G. Andrews |

## DEFENDANT AND COUNTER-CLAIM PLAINTIFF
## EXPRESS MOBILE, INC.'S MOTION *IN LIMINE* NO. 1

Dated: December 10, 2021

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants, ) | |
| ) | Civil Action No. 19-cv-00439-RGA |
| v. ) | |
| ) | |
| EXPRESS MOBILE, INC. ) | Honorable Richard G. Andrews |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |
| ) | |

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF
EXPRESS MOBILE, INC.'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
EVIDENCE OR ARGUMENTS CONTRARY TO THE COURT'S ORDERS,
INCLUDING SETTLEMENT AGREEMENTS, OTHER THAN LIMITED TESTIMONY
REGARDING FORM OF THE AGREEMENTS, AND THE COURT'S ORDER
REGARDING NON-INFRINGEMENT OF THE '397 AND '168 PATENTS**

I.      **MOTION *IN LIMINE* NO. 1**

In order to avoid undue prejudice and confusion, Express Mobile moves *in limine* under Rules 402, 403, and 611 to preclude the use of evidence and argument contrary to the Court's prior orders relating to settlement agreements and non-infringement of the '397 and '168 patents.

### A. Settlement Agreements Should Be Excluded, Except for the Limited Testimony Regarding the Form of the Agreements

First, Express Mobile moves to exclude arguments and evidence regarding settlement agreements other than limited testimony regarding the form of the reasonable royalty pursuant to the Court's Order and Opinion (D.I. 297, 298). Express Mobile moved to exclude expert opinion regarding settlement agreements as unreliable. (D.I. 218 at 27.) The Court permitted only limited testimony from Shopify's expert, Mr. Bakewell—specifically, reliance on certain settlement agreements "to support the form the reasonable royalty would take." (D.I. 297 at 59.)[1] The Court was explicit that "the actual amounts of the agreements" was not permissible. (*Id.*)

Shopify includes the settlement agreements on its exhibit list. (DTX131, 133-182, 184-195.) Thus, Express Mobile respectfully requests that the Court exclude evidence or argument regarding the settlement agreements (including excluding the admission of the settlement agreements themselves), excepting testimony regarding royalty form. Because any probative value is greatly outweighed by the risk of unfair prejudice, confusion and misleading the jury, the agreements should be excluded from evidence. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012) (finding error in failure to exclude settlement agreement); *Zimmer Surgical, Inc. v. Stryker Corporation*, 365 F.Supp.3d 466, 496 (D. Del. 2019) (J. Andrews) (excluding reliance on agreement not shown to be comparable); *M2M Sols. LLC v. Enfora, Inc.*,

---

[1] The Court also allowed Shopify's expert to testify regarding the BigCommerce agreement (DTX183) and alleged licensing program, which are not subject to the instant motion.

167 F. Supp. 3d 665, 679 (D. Del. 2016) (J. Andrews) (excluding "references" to agreements not shown to be comparable).

The same text of the settlement agreements provides both (1) the settlement amount and (2) the lump-sum form of that amount. (DTX131, 133-182, 184-195.) Thus, while Express Mobile does not object to expert testimony regarding the lump-sum form of the agreements consistent with the Court's Order, evidence and argument beyond the lump-sum form, including the agreements themselves, must be precluded consistent with the Court's prior order prohibiting the use amounts. The settlement amounts are not relevant, and any use of them at trial would unduly prejudice Express Mobile, unnecessarily waste time, and inject confusion in the trial.

The instant motion extends to any testimony, evidence, and argument involving the settlement agreements, with the exception of testimony relating to the lump-sum form of the agreements. Any probative value of the settlement agreements themselves is minimal and is limited to the lump-sum form of the agreements—Shopify itself represented that its expert relies on the agreements only as to their lump-sum form. (D.I. 264 at 32 ("Mr. Bakewell limits his reliance on the agreements to support his opinion that lump-sum reasonable royalty in this case is proper").) Thus, any usage beyond testimony as to the lump-sum form of the agreements is highly prejudicial and should be excluded under Rule 403. In addition, any usage of the settlement agreements beyond testimony of their lump sum form is likely to confuse the jury, likely to waste time, and properly excluded in view of their very limited probative value.

The requested exclusions present no burden to Shopify. Express Mobile does not object to testimony from Shopify's damages expert as to the lump-sum form of the settlement agreements, which is Shopify's admitted extent of reliance on the settlement agreements.

### B. Arguments or Evidence Regarding the Court's Summary Judgment Order Relating to the '397 and '168 Patents Should be Excluded

Second, Express Mobile moves to exclude references, testimony, evidence, and argument regarding the Court's grant of summary judgment of non-infringement of the '397 and '168 patents. (D.I. 297, 298.) The instant trial is proceeding on the '755, '287, and '044 patents. Thus, Shopify should be prohibited from offering testimony, evidence, and argument regarding non-infringement of the '397 and '168 patents. Any such references, testimony, evidence, and argument are not relevant to the issues to be decided at trial and any marginal relevance is strongly outweighed by prejudice to Express Mobile, and severely risks confusion of the jury. *See e.g.,* Fed. R. Evid. 401-403; *AVM Techs., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 U.S. Dist. LEXIS 65698, at *8-9 (D. Del. Apr. 29, 2017) (excluding evidence where any "marginal relevance" "is more than substantially outweighed by the danger of unfair prejudice . . . and of confusing the issues"); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2015 WL 12911530, at *1 (E.D. Tex. Sept. 30, 2015) (excluding reference to any claims dismissed voluntarily or by the Court).

### C. Conclusion

Express Mobile respectfully requests that **DTX131, 133-182, 184-195** and testimony, evidence, or argument related thereto be excluded from trial, with the exception of testimony the form of the agreements. Express Mobile further requests that any mention of the Court's determination of non-infringement of the '397 and '168 patents be prohibited at trial.

Dated: November 5, 2021

/s/ *James R. Nuttall*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on November 5, 2021.

*/s/ James R. Nuttall*
James R. Nuttall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. )<br>)<br>Plaintiffs/Counterclaim Defendants, )<br>)<br>v. )<br>)<br>EXPRESS MOBILE, INC. )<br>)<br>Defendant/Counterclaim Plaintiff. )<br>) | Civil Action No. 19-cv-00439-RGA<br><br>Honorable Richard G. Andrews |

### **[PROPOSED] ORDER**

WHEREAS, Defendant and Counterclaim Plaintiff Express Mobile, Inc. ("Express Mobile") has filed a Motion *in Limine* No. 1; the Court, having considered the respective papers submitted by the parties in support of or in opposition to said motion; and the Court having considered the pleadings in this matter and the current status of the case;

NOW THEREFORE, IT IS HEREBY ORDERED that Express Mobile's Motion *in Limine* No. 1 is **GRANTED**, as set forth below:

- DTX131, 133-182, 184-195 and testimony, evidence, or argument related thereto is excluded from trial, with the exception of testimony on the form of the agreements; and

- Any mention of the Court's determination of non-infringement of the '397 and '168 patents is prohibited at trial.

**IT IS SO ORDERED.**

Dated: _____        _____
                                     United States District Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br> v.<br><br>EXPRESS MOBILE, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

**SHOPIFY'S OPPOSITION TO EXPRESS MOBILE'S MOTION IN LIMINE NO. 1**

Express Mobile's motion *in limine* No. 1 seeking blanket exclusion of numerous license agreements to the patents-in-suit should be denied.[1]

## I. ARGUMENT

Express Mobile seeks to exclude reference and introduction of numerous license agreements to the patents-in-suit, based on its assertion that that "[t]he Court was explicit that 'the actual amounts of the agreements' was not permissible."  Express Mobile *MIL* No. 1 at 1. Not so.  The Court's order actually reads:  "Because I think there is a broader range of what settlement agreements can be used for when the actual amounts of the agreements are not used, I will allow the settlement agreements to be used to support the form the reasonable royalty will take."  D.I. 297 at 59.  Whether an expert can rely on a license agreement to inform the outcome of a hypothetical negotiation is a different question than whether the agreement itself is admissible for any purpose (for example cross-examination of Express Mobile's damages expert who discounted them entirely).  Ex. 1 at ¶¶ 91-97.

Indeed, the Court "agree[d] with Shopify that evidence of the 'licensing program' does not suffer from any of the potential pitfalls of improperly using a settlement value identified by the *Laser Dynamics* court."  D.I. 297 at 60.  Consistent with the Court's order, Shopify intends to introduce the license agreements to demonstrate that Express Mobile actually implemented and

---

[1] Express Mobile's "motion" is actually two separate motions, as is its motion *in limine* No. 2. One seeks to exclude Express Mobile's license agreements and the other seeks to exclude reference to the Court's order granting summary judgement of non-infringement with respect to the Web Design Patents.  Regarding the Court's order on summary judgment, Shopify agrees not to reference the order at trial unless Express Mobile puts at issue why Express Mobile's claims of infringement of the Web Design patents are not being presented in this case.  However, that does not excuse Express Mobile's disregard for the three motion limit set forth in the Scheduling Order, D.I. 9, which Express Mobile justified by claiming the issues in its motions are all "related."  Shopify respectfully requests that the Court strike Express Mobile's motions *in limine* in their entirety as a sanction for failing to comply with the limit of three motions and forcing Shopify to respond to five discrete issues.

1

followed its self-described licensing program, consistent with the term outlined in emails describing the policy to potential licensees. The quantity and consistency of these agreements makes them distinguishable from the excluded agreement in *LaserDynamics*, which involved a "single, potentially idiosyncratic settlement amount that could have been influenced by a host of factors unique to a particular case." D.I. 297 at 60; *LaserDynamics v. Quanta Comput., Inc.*, 694 F.3d 51, 77-78 (Fed. Cir. 2012); *see also Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1371-72 (Fed. Cir. 2017) (rejecting categorical exclusion of settlement agreements). The other cases Express Mobile cites did not consider the admissibility of agreements but rather whether an expert could rely on agreements as comparable in calculating a reasonable royalty. Express Mobile *MIL* No. 1 at 1-2 (citing *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 496 (D. Del. 2019) & *M2M Sols. LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 679 (D. Del. 2016)).

These agreements are also relevant to Express Mobile's compliance, or lack thereof, with 35 U.S.C. § 287, because Express Mobile itself relied upon these agreements as evidence of marking. *See, e.g.*, Shopify's motion *in limine* No. 1. Thus, Express Mobile's motion should be denied, and Shopify should be permitted to reference and introduce Express Mobile's license agreements for purposes other than the form of the royalty, consistent with the Court's *Daubert* order.[2]

Excluding these highly probative agreements would unfairly prejudice Shopify, particularly when Express Mobile's damages expert, Walter Bratic, concedes that both parties would both be aware of these agreements at the hypothetical negotiation. Ex. 2 at 239:15-241:6.

---

[2] Express Mobile concedes that the BigCommerce agreement is the one exception, and may be relied upon by Shopify's expert for the royalty amount contained therein. Express Mobile *MIL* No. 1 at 1 n.1.

While Mr. Bratic may view the agreements as irrelevant (he discounted them entirely), Shopify should be permitted to cross examine Mr. Bratic on the bases for his opinions. In sum, Express Mobile's license agreements (save for BigCommerce) will not be used by Shopify to offer its own damages number. But whether, and to what extent, these agreements would inform the hypothetical negotiation in other ways (or undermine Mr. Bratic's opinions) should be fair game. Given the facts here, there is no justification to preemptively exclude Express Mobile's license agreements entirely.

Dated: November 12, 2021

OF COUNSEL:

Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

By: */s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

# PROOF OF SERVICE

I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 217 Leidesdorff Street, San Francisco, CA 94111.

On November 12, 2021, I served the following documents in the manner described below:

**SHOPIFY'S OPPOSITION TO EXPRESS MOBILE'S MOTION IN LIMINE NO. 1**

[x]   BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from ewiener@durietangri.com to the email addresses set forth below.

On the following part(ies) in this action:

| | |
|---|---|
| Timothy Devlin<br>Robert Kiddie<br>Srikant Cheruvu<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>tdevlin@devlinlawfirm.com<br>rkiddie@devlinlawfirm.com<br>scheruvu@devlinlawfirm.com<br>mmcclain@devlinlawfirm.com<br>fxu@devlinlawfirm.com<br>ecfdocketing@devlinlawfirm.com<br>jsparklin@devlinlawfirm.com<br>jcraft@devlinlawfirm.com<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Express Mobile, Inc.* | James R. Nuttall<br>Michael Dockterman<br>Robert F. Kappers<br>Tron Fu<br>Katherine H. Johnson<br>STEPTOE & JOHNSON LLP<br>115 South LaSalle Street, Suite 3100<br>Chicago, IL 60603<br>jnuttall@steptoe.com<br>mdockterman@steptoe.com<br>rkappers@steptoe.com<br>tfu@steptoe.com<br>kjohnson@steptoe.com<br>jcooper@steptoe.com<br>lthompson@steptoe.com<br>meckstein@steptoe.com<br>mdockterman@steptoe.com<br>SJXMOShopify@steptoe.com<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Express Mobile, Inc.* |

        Christopher Suarez
        STEPTOE & JOHNSON LLP
        1330 Connecticut Ave., NW
        Washington, DC  20036
        csuarez@steptoe.com

        *Attorneys for Defendant and*
        *Counterclaim Plaintiff*
        *Express Mobile, Inc.*

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 12, 2021, at Berkeley, California.

                                                                    */s/ Eric C. Wiener*
                                                                     Eric C. Wiener

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. ) <br> ) <br> Plaintiffs/Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> EXPRESS MOBILE, INC. ) <br> ) <br> Defendant/Counterclaim Plaintiff. ) <br> ) | Civil Action No. 19-cv-00439-RGA <br><br> Honorable Richard G. Andrews |

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF
EXPRESS MOBILE, INC.'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENTS
CONTRARY TO THE COURT'S ORDERS, INCLUDING SETTLEMENT
AGREEMENTS, OTHER THAN LIMITED TESTIMONY REGARDING FORM
OF THE AGREEMENTS, AND THE COURT'S ORDER REGARDING
NON-INFRINGEMENT OF THE '397 AND '168 PATENTS**

I.     **REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1**

After representing it only intended to use settlement agreements for the form and the Court ordering that "the actual amounts of the agreements are not used" (D.I. 297 at 59; D.I. 296 at 54-55), Shopify now attempts to introduce the agreements, including the amounts, and have free reign to use them for any purpose.[1] Shopify, however, can present information about the lump sum form of the agreements through *testimony*. Shopify's assertion that the settlement agreements should be "fair game" and used for any purpose would be improper and highly prejudicial. *See LaserDynamics*, 694 F.3d at 78 (finding error in failure to exclude settlement agreement).

Shopify states that it intends to introduce the agreements "to demonstrate that Express Mobile actually implemented and followed its self-described licensing program." (Opp. at 2). The Court permitted expert opinion and other documents regarding the licensing program, but admission of the settlement agreements is irrelevant, prejudicial and would be an end run around the Court's separate exclusion of the amounts, which are in the agreements. D.I. 297 at 60.

Shopify also argues that the agreements are relevant to 35 U.S.C. § 287. However, Shopify has not identified any product that allegedly should have been marked and Express Mobile is not relying on any settlement agreement to establish marking. *See* Express Mobile's Opposition to MIL 1. At best, Shopify identified 8 agreements allegedly relating to § 287. (Ex. 1, Resp. to Interrogatory 12.) Shopify should be permitted to introduce *testimony* as to those 8 agreements (excluding their amounts) at trial. There is no need to introduce them as *exhibits*, and even if there is, there is certainly no basis for admission of the remaining approximately 50 agreements.

---

[1] Shopify's assertion that this motion *in limine* ("MIL") is more than one MIL is unconvincing. This MIL sought to exclude information related to enforcing prior court orders consistent with other cases. *See e.g., Shure Inc. v. Clearone, Inc.*, 19-1343-RGA, 2021 U.S. Dist. LEXIS 207685 at *1 (D. Del. Oct. 15, 2021). Shopify does not oppose the portion of Express Mobile's MIL regarding derogatory comments. Had Shopify simply agreed during the parties' meet and confer, Express Mobile could have avoided unnecessary briefing on this unopposed issue.

Dated: November 19, 2021

/s/ *James R. Nuttall*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on November 19, 2021.

*/s/ James R. Nuttall*
James R. Nuttall
