## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHOPIFY INC. AND SHOPIFY (USA), INC.    )
   )
    Plaintiffs/Counterclaim Defendants,    )
   )
       v.    )    Civil Action No. 19-cv-00439-RGA
   )
EXPRESS MOBILE, INC.    )
   )    Honorable Richard G. Andrews
    Defendant/Counterclaim Plaintiff.    )
   )

## DEFENDANT AND COUNTER-CLAIM PLAINTIFF
## EXPRESS MOBILE, INC.'S MOTION *IN LIMINE* NO. 3

Dated: December 10, 2021

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | Civil Action No. 19-cv-00439-RGA |
| v. | ) | |
| | ) | |
| EXPRESS MOBILE, INC. | ) | Honorable Richard G. Andrews |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF**
**EXPRESS MOBILE, INC.'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE**
**REFERENCES TO CERTAIN ALLEGED PRIOR ART**

# I.     MOTION *IN LIMINE* NO. 3

Express Mobile moves to exclude several prior art references that Shopify identified on its exhibit list that it previously dropped from the case.  These prior art references are not relevant to any remaining legal issues, and the prejudicial effects would far outweigh any probative value of these references.  Therefore, they should be excluded under Rule 403.

### A.  Any Reference to Shopify's 2007 Product or Source Code Should Be Precluded

Shopify's exhibit list identifies the manifest for its 2007 Shopify Source Code, along with several source code files listed in that manifest (*see* DTX-313 through DTX-327).  Shopify's 2007 product is *not* accused of infringement and is not the subject of an invalidity challenge.

Shopify's 2007 product was once identified by Shopify as prior art, but Shopify intentionally withdrew the product from its invalidity contentions to evade discovery into its CEO, Tobias Lutke.  Shopify first identified its 2007 product in its invalidity contentions dated November 22, 2019.  Ex. 1, p. 40 & n.5.  Express Mobile then moved to compel documents from Mr. Lutke because he was personally involved with the 2007 product.  D.I. 101 (XMO Letter); D.I. 104 (Shopify Letter).[1]  Shopify acknowledged that the 2007 product was "identified in our invalidity contentions" as prior art, but downplayed its importance, explaining that "[t]he strength of that art, to just be candid with you, it's sort of uncertain."  *Id.* at 9:23-10:9.

This Court granted the motion to compel documents from Shopify's CEO, explaining that for the 2006-2008 "time period before whatever the priority date is for [the '755 patent family], . . . I'm going to grant Express Mobile's request for a document search predating whatever the priority date is."  *Id.* at 18:9-13.  The Court explained that source code was not always sufficient

---

[1] Mr. Lutke was "the only person with technical knowledge of Shopify's pre-2008 platform, and Shopify has specifically identified its pre-2008 platform as prior art in their invalidity contentions." (D.I. 113, at 6:9-12).  All other Shopify document custodians were hired by Shopify after 2008.

and other documents relating to the 2007 Shopify product should be produced.  *Id*. at 18:18-23 ("One of which is you usually can't tell anything from the source code without experts, and so sometimes people put things in more understandable fashion in other documents. So I don't think just because the source code defined what the invention is means that that's all that's needed.").

Shopify immediately withdrew the 2007 Shopify system as a prior art reference after the Court's ruling, thereby refusing all other discovery, including other relevant documents that the Court ordered be produced from Shopify's CEO. Ex. 2, April 22, 2020 O'Byrne Email.   Shopify's Second Invalidity Contentions dated July 23, 2020 confirmed the removal of the 2007 Shopify system as prior art to the '755 patent family.  Ex. 3, p. 42.

In light of the above, the 2007 Shopify system and source code has no relevance to any legal issue in the case and it would be highly prejudicial for Shopify to refuse discovery after being ordered to produce materials only to later make arguments about the very product it intentionally withdrew from the case.  Despite this, it appears that Shopify's expert will attempt to use the 2007 product to assert that Shopify's 2007 product had certain (unanalyzed or explained) "add to cart" functionality before the priority date, based on a single conclusory paragraph in his expert report. *See* Ex. 4, Schmandt Rebuttal Report, ¶ 434.   Shopify clearly will try to improperly create the impression in the jury's mind that Shopify had already invented the relevant "web component" functionality in 2007, even though it itself withdrew the prior art and admitted during a hearing that the strength of the art was "uncertain."

**B.  Any Reference to the Shenfield References Should be Precluded**

Shopify also includes several "Shenfield" prior art patents and printed publications on its exhibit list.  *See* DTX-007, DTX-009-DTX-011, DTX-014-DTX-018, and DTX-021.   These various references, including Shenfield (DTX-009), Shenfield II (DTX-010), Shenfield III (DTX-017), and Shenfield IV (DTX-018), were separately charted by Shopify as prior art references in

its invalidity contentions, but were ultimately not elected as prior art grounds by Shopify.  Ex. 5, July 23, 2020 Shenfield Charts; Ex. 6, July 23, 2020 Prior Art Election.  Therefore, none of the Shenfield references are among the elected prior art references in this case.  Consistent with this fact, Mr. Schmandt's expert report does not contain *a single reference or citation* to any Shenfield reference, let alone analysis.  Therefore, there is simply no basis for admitting any of the Shenfield prior art references into the case.  It appears that Shopify might try to admit Shenfield references as being related to the BlackBerry MDS Studio prior art ground, but there is no expert testimony or analysis that connects any of the Shenfield references to that invalidity ground.  Shopify's attempt to include this prior art will confuse the jury and prejudice Express Mobile.

### C.  Any Reference to WordPress Version 2.1.3 and Plugins Should Be Precluded

Shopify's exhibit list also includes a 700 page website printout relating to WordPress Version 2.1.3 with Plugins.[2]  But Shopify dropped this invalidity ground during expert discovery. Shopify's invalidity expert, Mr. Schmandt, did not include WordPress Version 2.1.3 and Plugins in his invalidity analysis; nor did he reference to WordPress Version 2.1.3 or codex.wordpress.org (the source of the website printout) in *any* of his reports.  It is therefore not relevant to any legal issue in this case.  To be sure, WordPress is generically referenced in Mr. Schmandt's report as being a free website builder.  *See, e.g.*, Ex. 4, Schmandt Rebuttal, ¶ 408 & n.400.  But this does not justify admitting hundreds of pages about WordPress Version 2.1.3 that were not analyzed as prior art, particularly where this unanalyzed evidence could create the misleading impression that WordPress implemented the functionality recited in the claims of the '755, '287, and '044 patents.

---

[2] Specifically, DTX-115 comprises more than 700 pages of website printouts from the Wayback Machine, dated on or about 2007, from the website http://codex.wordpress.org/WordPress. Extensive references to these printouts are repeatedly referenced dozens of times in Shopify's invalidity contentions, and in particular to Exhibit D-6 of Shopify's Third Supplemental Invalidity Contentions dated August 7, 2020.  Ex. 7, Ex. D-6.

Dated: November 5, 2021

/s/ James R. Nuttall
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff
Express Mobile, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that copies of the within filing were served on

counsel of record via electronic mail on November 5, 2021.

/s/ James R. Nuttall
James R. Nuttall

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.    ) | |
| ) | |
|     Plaintiffs/Counterclaim Defendants,   ) | |
| ) | Civil Action No. 19-cv-00439-RGA |
|          v.   ) | |
| ) | |
| EXPRESS MOBILE, INC.   ) | Honorable Richard G. Andrews |
| ) | |
|     Defendant/Counterclaim Plaintiff.   ) | |
| ) | |

### [PROPOSED] ORDER

WHEREAS, Defendant and Counterclaim Plaintiff Express Mobile, Inc. ("Express Mobile") has filed a Motion *in Limine* No. 3; the Court, having considered the respective papers submitted by the parties in support of or in opposition to said motion; and the Court having considered the pleadings in this matter and the current status of the case;

NOW THEREFORE, IT IS HEREBY ORDERED that Express Mobile's Motion *in Limine* No. 3 is **GRANTED**, as set forth below:

- Any reference to Shopify's 2007 Product or Source Code is precluded at trial (DTX-313 through DTX-327);

- Any reference to the Shenfield References is precluded at trial (DTX-007, DTX-009 through DTX-011, DTX-014 through DTX-018 and DTX-021); and

- Any reference to WordPress Version 2.1.3 and Plugins is precluded at trial (DTX-115 and Exhibit D-6 to Shopify's Third Supplemental Invalidity Contentions dated August 7, 2020).

**IT IS SO ORDERED.**

Dated: _____          _____
                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., | |
| Plaintiffs and Counterclaim Defendants, | Case No. 19-439-RGA |
| v. | |
| EXPRESS MOBILE, INC., | |
| Defendant and Counterclaim Plaintiff. | |

**SHOPIFY'S OPPOSITION TO EXPRESS MOBILE'S MOTION IN LIMINE NO. 3**

Express Mobile's motion *in limine* No. 3, which seeks to exclude the mere reference to three pieces of prior art should be denied.  These references are all relevant to remaining issues in the case and their probative value is not substantially outweighed by the danger of prejudice or juror confusion under Rule 403.

## I.      ARGUMENT

### A.      Shopify's 2007 Product and Source Code Are Relevant to Damages

Shopify does not dispute that it will not, and cannot, rely on its 2007 product or 2007 source code to show that asserted claims of the Web Component patents are anticipated or obvious.  But it does not follow that this prior art cannot be used for ***any*** purpose.

Here, Shopify's 2007 product and source code are relevant to Express Mobile's theory of damages and its assertion of commercial success.  With respect to damages, Express Mobile's technical expert, Dr. Kevin Almeroth purportedly conducted a "technology apportionment" analysis of the alleged importance of various features in the accused Shopify platforms that are allegedly not present in the unaccused Shopify Lite platform.  Dr. Almeroth weighed the "Web Component Functionalities (such as "Add to Cart" functionality and embedded "YouTube" videos) at 15%."  Ex. 6, ¶ 624.  According to Dr. Almeroth, the "Web Component Functionalities allow for the 'add to cart' functionality that is a standard inclusion on product pages and needed for most merchants to allow for purchases to be made through their online stores."  *Id.*  Express Mobile's damages expert, Walter Bratic, then used Dr. Almeroth's 15% "apportionment factor for the Web Component Patents" as the foundation for his purported apportionment of the profits attributable to the patented inventions.  Ex. 7, ¶¶ 167, 176-177.

But as Shopify's technical expert, Christopher Schmandt, explained in rebuttal, the add-to-cart feature emphasized by Dr. Almeroth, had long been known in the prior art, including in pre-priority date versions of Shopify's platform.  Ex. 8, ¶¶ 403-405, 434-435.  Thus, regardless

1

of whether Shopify's 2007 source code would invalidate the asserted claims (which Shopify will

not argue), these materials are independently relevant to demonstrate that the feature Mr. Bratic

relies upon as a basis for his reasonable royalty determinations was known in the prior art.

Express Mobile argues that it would be "highly prejudicial for Shopify to refuse discovery after

being ordered to produce materials only to later make arguments about the very product it

intentionally withdrew from the case."  Express Mobile *MIL* No. 3 at 2.  But Shopify did not

withdraw the product entirely from the case—Shopify simply withdrew its contention that the

product is invalidating prior art.  Express Mobile cannot plausibly allege prejudice, where no

additional discovery would be needed to determine whether Shopify's 2007 product included this

basic feature.  Express Mobile's desire to exclude such materials is telling, since they

demonstrate that Dr. Almeroth and Mr. Bratic's analyses run afoul of the black letter law that the

patentee must provide "evidence tending to separate or apportion the defendant's profits and the

patentee's damages between the patented feature and the unpatented features."  *Uniloc USA, Inc.

v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).

　　　With respect to commercial success, Dr. Almeroth and Mr. Bratic allege that Shopify's

commercial success reflects the alleged non-obviousness of the claims.  *See, e.g.*, Ex. 9, ¶¶ 1156-

1160; Ex. 10, ¶¶ 36-38.  As part of Dr. Almeroth's opinion, he reiterated his view that "the

accused Web Component Functionalities are "essential and provide the 'add to cart' functionality

that allows Shopify's customer merchants to sell products through their online stores."  Ex. 9,

¶ 1165.  But "if the feature that creates the commercial success was known in the prior art, the

success is not pertinent," because there is no nexus.  *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d

1299, 1312 (Fed. Cir. 2006); *see also Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1369

(Fed. Cir. 2011) (finding lack of nexus to support commercial success where basis for demand

was "due to an element in the prior art").  Thus, Shopify's 2007 code is also independently relevant to rebut Express Mobile's assertions of commercial success attributable to the patented invention.

**B.      Shenfield May Be Used to Provide Additional Factual Background Relating to the Blackberry MDS System Asserted as Prior Art**

Shopify will not attempt to introduce any of the Shenfield prior art through its technical expert Mr. Schmandt, because as Express Mobile notes, these references do not form part of the basis for his opinions that the prior art Blackberry MDS Studio system invalidates the remaining asserted claims.  At trial, however, Shopify intends to call a former Blackberry engineer, Cameron Bateman, to provide factual testimony about the features of the Blackberry MDS Studio system, which he worked on and was a named inventor on some of the Shenfield patents relating to it, *e.g.*, Ex. 11.  *See also* Ex. 12 at 30:8-33:22 (Mr. Bateman testifying that the patents on which he is a named inventor related to the Blackberry MDS system).  Provided that Shopify can lay the proper foundation, Mr. Bateman should be permitted to testify about whether these patents accurately describe the Blackberry MDS Studio system, as a factual matter.  Express Mobile can raise any objections on an exhibit-by-exhibit basis during Mr. Bateman's testimony. Blanket exclusion is not warranted.

**C.      WordPress Is Relevant to Damages**

Mr. Schmandt discusses WordPress in his expert reports as part of his critique of Dr. Almeroth's "technological importance" analysis.  As Mr. Schmandt explains, the "add to cart" feature that Dr. Almeroth deems "essential" in the accused Shopify platform is also present in the unaccused Shopify Lite product, via its Buy Button, which can be embedded in websites built using other tools, such as WordPress.  The exhibit provides additional foundation for Mr. Schmandt's opinions and Shopify should be permitted to rely on it for this limited purpose.

Dated:  November 12, 2021

OF COUNSEL:

Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

By: */s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants*
*Shopify Inc. and Shopify (USA), Inc.*

4

# PROOF OF SERVICE

I am employed in San Francisco County, State of California, in the office of a member of

the bar of this Court, at whose direction the service was made.  I am over the age of eighteen

years, and not a party to the within action.  My business address is 217 Leidesdorff Street, San

Francisco, CA 94111.

On November 12, 2021, I served the following documents in the manner described

below:

**SHOPIFY'S OPPOSITION TO EXPRESS MOBILE'S MOTION IN LIMINE NO. 3**

[x]     BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy
through Durie Tangri's electronic mail system from ewiener@durietangri.com to
the email addresses set forth below.

On the following part(ies) in this action:

Timothy Devlin
Robert Kiddie
Srikant Cheruvu
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
tdevlin@devlinlawfirm.com
rkiddie@devlinlawfirm.com
scheruvu@devlinlawfirm.com
mmcclain@devlinlawfirm.com
fxu@devlinlawfirm.com
ecfdocketing@devlinlawfirm.com
jsparklin@devlinlawfirm.com
jcraft@devlinlawfirm.com

*Attorneys for Defendant and
Counterclaim Plaintiff
Express Mobile, Inc.*

James R. Nuttall
Michael Dockterman
Robert F. Kappers
Tron Fu
Katherine H. Johnson
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
jnuttall@steptoe.com
mdockterman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
jcooper@steptoe.com
lthompson@steptoe.com
meckstein@steptoe.com
mdockterman@steptoe.com
SJXMOShopify@steptoe.com

*Attorneys for Defendant and
Counterclaim Plaintiff
Express Mobile, Inc.*

5

Christopher Suarez
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
csuarez@steptoe.com

*Attorneys for Defendant and*
*Counterclaim Plaintiff*
*Express Mobile, Inc.*

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on November 12, 2021, at Berkeley, California.

<u>        */s/ Eric C. Wiener*        </u>
Eric C. Wiener

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SHOPIFY INC. AND SHOPIFY (USA), INC.          )
                                              )
          Plaintiffs/Counterclaim Defendants, )
                                              )        Civil Action No. 19-cv-00439-RGA
                    v.                        )
                                              )
EXPRESS MOBILE, INC.                          )        Honorable Richard G. Andrews
                                              )
          Defendant/Counterclaim Plaintiff.   )
                                              )

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF
EXPRESS MOBILE, INC.'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 3 TO PRECLUDE REFERENCES TO
CERTAIN ALLEGED PRIOR ART**

Shopify does not dispute that it withdrew the 2007 Shopify product to evade discovery into its CEO, who could have provided testimony and documents about the 2007 product.  Now, Shopify asserts that it "did not withdraw the [2007] product *entirely* from the case," and that it can use the product to show that Shopify's 2007 product included an "add to cart" feature.  But Shopify cannot refuse discovery on a product and then use it later for its own purpose.  Allowing Shopify to refuse discovery that would have shown the drawbacks of its 2007 product, while also allowing Shopify to imply that the 2007 product to have "add to cart" functionality equivalent to its current product would be highly prejudicial.  Shopify asserts that "add to cart" functionality was present in prior art other than Shopify's 2007 offering.  Ex. 8, *See, e.g.*, Schmandt Reb. ¶¶ 399, 403.  Therefore, Shopify's 2007 product and source code are not needed to make its point.

Shopify does not dispute that it dropped the Shenfield references as prior art.  But it intends to use Cameron Bateman, a newly disclosed "fact witness" who is not listed at all on nine of the ten Shenfield references,[1] to testify as to whether "these patents accurately describe the Blackberry MDS Studio system."  Thus, Shopify plans to use the Shenfield references to bolster its BlackBerry MDS Studio prior art ground despite a complete lack of expert testimony on these references from its expert Mr. Schmandt.  Shopify's effort to backdoor expert testimony through Mr. Bateman is improper, and the testimony would be both irrelevant and highly prejudicial.

Shopify asserts that it can introduce hundreds of pages of documents about WordPress Version 2.1.3 for a "limited purpose." Under the guise of "foundation," Shopify seeks permission to allow Mr. Schmandt to expound on this exhibit that he never cited or analyzed in his report.  Mr. Schmandt should not be permitted to testify about materials he never considered or disclosed and these materials should be excluded as irrelevant and unduly prejudicial.

---

[1] Mr. Bateman is only listed as an inventor on DTX-016.

Dated: November 19, 2021

*/s/ James R. Nuttall*

Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

2

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that copies of the within filing were served on

counsel of record via electronic mail on November 19, 2021.

*/s/ James R. Nuttall*
James R. Nuttall
