# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. ) <br> ) <br> Plaintiffs/Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> EXPRESS MOBILE, INC. ) <br> ) <br> Defendant/Counterclaim Plaintiff. ) <br> ) | Civil Action No. 19-cv-00439-RGA <br><br> Honorable Richard G. Andrews <br><br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> **REDACTED, PUBLIC VERSION** |

## DEFENDANT AND COUNTER-CLAIM PLAINTIFF
## EXPRESS MOBILE, INC.'S MOTION *IN LIMINE* NO. 2

Dated: December 10, 2021

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants, ) | |
| ) | Civil Action No. 19-cv-00439-RGA |
| v. ) | |
| ) | |
| EXPRESS MOBILE, INC. ) | Honorable Richard G. Andrews |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |
| ) | |

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF
EXPRESS MOBILE, INC.'S MOTION IN *LIMINE* NO. 2 TO PRECLUDE
IMPROPER REFERENCE TO UNRELATED AND IRRELEVANT
PRIOR PERSONAL CASES RELATED TO MR. REMPELL AND
FROM MAKING DEROGATORY STATEMENTS**

I.      **MOTION *IN LIMINE* NO. 2**

Express Mobile moves to exclude any reference to Mr. Rempell's personal injury and bankruptcy cases that are irrelevant to this patent infringement case. Express Mobile also moves to exclude use of any derogatory terms referring to it as a patent troll or other such characterization.

**A. Background**

The present case relates to Defendants' infringement of three Express Mobile patents (the "Asserted Patents") that stem from a provisional application that was filed by Express Mobile in November 2008 and PCT application filed in April 2009. The Asserted Patents were invented by Mr. Rempell, Mr. Brown and Mr. Chrobak that were all working together at Express Mobile on different ways to display content on mobile and other devices. In November 2011, Mr. Rempell was involved in a tragic car accident. (Ex. 1, 7/28/2020 Rempell Dep. at 119.) As a result of the car accident Mr. Rempell suffered brain and other injuries. (*Id*. at 9.) Mr. Rempell filed a personal injury case related to his accident. (*Id*.) The jury found the defendant liable and awarded damages, but the defendant was awarded costs and sought over $500,000. (Ex. 2, 8/3/2020 Rempell Tr. at 320-322.) Mr. Rempell filed for bankruptcy and ultimately the parties settled.

Defendants and their damages expert apparently intend to rely on these proceedings. For example, Defendants deposed Mr. Rempell about the bankruptcy and personal injury cases and Defendants' damages expert argues that Mr. Rempell's personal bankruptcy proceeding should be used to determine the value of the Asserted Patents. (Ex. 2, 8/3/2020 Rempell Tr. at 313-317, 320-322; Ex. 3, Bakewell Rpt. at 23, fn. 115.) The stated value of Express Mobile in the bankruptcy proceeding was based on the revenue of the company at the time compared to the debt of the company. (*Id*.) The stated value of Express Mobile in the bankruptcy proceeding was not based on the value of the Asserted Patents and no valuation of the Asserted Patents was done in connection with the bankruptcy. (*Id*.)

### B. Evidence and Arguments Relating to Mr. Rempell's Prior Proceedings Are Irrelevant, Potentially Confusing and Prejudicial and Should Be Excluded

All reference, evidence, testimony, arguments regarding unrelated and irrelevant litigation, including Mr. Rempell's personal injury and bankruptcy litigations, should be excluded as irrelevant and highly prejudicial. Fed. R. Evid. 401-403.

Those litigations have no bearing on the present patent case and are not relevant to any claim or defense in this lawsuit. To the extent Defendants argue that these proceedings relate to the value of the asserted patents, they are incorrect. The asserted patents were never valued as part of any of these proceedings. (Ex. 2, 8/3/2020 Rempell Tr. at 313-317.) While certain statements were made regarding the value of Express Mobile's stock (███████████████ ███████████), these are not relevant to the value of the asserted patents. The value of the stock was based on Express Mobile's revenue and liabilities, not the value of the asserted patents. These proceedings and any evidence or arguments relating to them are therefore irrelevant and should be excluded. *See e.g., AVM Techs., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 U.S. Dist. LEXIS 65698, at *8-9 (D. Del. Apr. 29, 2017) (excluding where any "marginal relevance" "is more than substantially outweighed by the danger of unfair prejudice . . . and of confusing the issues"); Ex. 4, *Amgen Inc. v. Sanofi*, No. 14-01317-RGA, D.I. 749 at 2 (D. Del. Feb. 6, 2019) (excluding evidence that was irrelevant, had negligible probative value, and created a risk of time-wasting and confusion).

Even if these proceedings were somehow relevant, they are likely to confuse and mislead the jury. Defendants clearly hope to mislead, confuse and prejudice the jury that these proceedings should somehow be used to lower the amount of damages in the present infringement case. Any probative value is highly outweighed by the prejudice and confusion from these materials. *AVM Techs., LLC*, 2017 U.S. Dist. LEXIS 65698, *8-9; *Amgen Inc.*, No. 14-01317-RGA, D.I. 749 at 2.

Therefore, all references to Mr. Rempell's personal injury and bankruptcy cases (and anything that occurred during these cases) should be excluded.

### C. Pejorative Statements That Express Mobile is a "Patent Troll"

The Court should exclude Defendants from using any pejorative or derogatory references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding, Express Mobile's current status as a non-practicing entity. Defendants have not only used such terms in this lawsuit, but have gone so far as to contact third party witnesses and told them Express Mobile was a troll or non-practicing entity to bias the witness to testify against Express Mobile. (Ex. 5, 3/25/2020 Weadock Tr. at 28:3-17; Ex. 6, 9/2/2020 Bateman Tr. at 112:14-21.)

Such terms have no relevance to any claim or defense in this lawsuit. Fed. R. Evid. 402. Moreover, the probative value—if any—of such terms is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury into resolving this case based on factors other than the evidence and the law. Fed. R. Evd. 403. This Court and others have repeatedly excluded the use of such terms at trial.[1] *See, e.g., Interdigital Commc'ns Inc. v. Nokia Corp.*, No. 13-10-RGA, 2014 WL 12465431, at *1 (D. Del. Aug. 28, 2014) (prohibiting use of the terms "troll, non-practicing entity (NPE), patent assertion entity, or extortionist"); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *2 (E.D. Tex. Aug. 24, 2015); *Mobilemedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112-JRG (Dkt. 377) at 4 (E.D. Tex. April 24, 2013); *TMC Fuel Injection System, LLC v. Ford Motor Co.*, No. 2:12-cv-4971 (Dkt. 70 at 1) (E.D. Penn. May 15, 2014).

---

[1] For example, use of any of the following or similar terms should be excluded: "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," "playing the lawsuit lottery," "patent assertion entity," "a company that doesn't make anything," or "a company that doesn't sell anything."

3

Dated: November 5, 2021

/s/ *James R. Nuttall*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on November 5, 2021.

*/s/ James R. Nuttall*
James R. Nuttall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>EXPRESS MOBILE, INC.<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 19-cv-00439-RGA<br><br>Honorable Richard G. Andrews |

## [PROPOSED] ORDER

WHEREAS, Defendant and Counterclaim Plaintiff Express Mobile, Inc. ("Express Mobile") has filed a Motion *in Limine* No. 2; the Court, having considered the respective papers submitted by the parties in support of or in opposition to said motion; and the Court having considered the pleadings in this matter and the current status of the case;

NOW THEREFORE, IT IS HEREBY ORDERED that Express Mobile's Motion *in Limine* No. 3 is **GRANTED**, as set forth below:

- Any reference to Mr. Rempell's personal injury and bankruptcy cases are excluded at trial as irrelevant to this patent infringement case; and

- Any use of any derogatory terms referring to Express Mobile as a patent troll or other such characterization is prohibited at trial.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., <br><br>  Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> EXPRESS MOBILE, INC., <br><br>  Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

**SHOPIFY'S OPPOSITION TO EXPRESS MOBILE'S MOTION IN LIMINE NO. 2**

Express Mobile's motion *in limine* No. 2 to exclude evidence from Mr. Rempell's personal injury and bankruptcy lawsuit and separately, to exclude any reference to the fact that Express Mobile does not practice the patents-in-suit should both be denied.[1]

**A.     Evidence from Mr. Rempell's personal injury and bankruptcy proceedings are relevant to the value of the asserted patents**

Express Mobile's assertion that Mr. Rempell's personal injury and bankruptcy proceedings are not relevant is incorrect, particularly given Express Mobile's apparent intent, given its opposition to Shopify's motion *in limine*, to reference or put at issue Mr. Rempell's 2011 car accident.  In 2017, during those proceedings, Mr. Rempell and his counsel made representations about the value of Express Mobile's stock, which are relevant to Express Mobile's alleged damages in this case.

Mr. Rempell's personal injury lawsuit arose out of a 2011 car accident in which Mr. Rempell alleged he suffered a traumatic brain injury.  Mr. Rempell sought lost future earnings based on his alleged inability to do work for Express Mobile.  The jury disagreed, and on June 17, 2015 delivered its verdict and awarded Mr. Rempell no damages for alleged lost future earnings, based on evidence that:

> Express Mobile had not generated any net profits and had failed to secure any venture capital funding.  Steven testified he received no salary or income from Express Mobile in 2008 through 2011.  During its entire period of existence, Express Mobile generated only $231,950 in revenue.

*See Rempell v. Hofmann*, No. A146257, 2018 WL 2931835, *1 (Cal. Ct. App. June 12, 2018).

---

[1] Express Mobile's motion *in limine* No. 2, like its motion *in limine* No. 1, combines two unrelated *in limine* requests into a single document.  Thus, Express Mobile has served five motions *in limine*, two more than permitted by the Court's Scheduling Order.  D.I. 9 at 8.  Shopify respectfully requests that the Court strike Express Mobile's motions *in limine* in their entirety as a sanction for failing to comply with the limit of three motions and forcing Shopify to respond to five discrete issues.

Mr. Rempell rejected two Section 998 offers to settle during the personal injury lawsuit and was assessed with $514,009 in post-offer costs. *Id.* at *13. Roughly two years later, Mr. Rempell retained bankruptcy counsel and ultimately filed for bankruptcy. His counsel, Mr. Craig K. Welch, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 3 at 3. Consistent with this representation, a few days later, on August 5, 2017, Mr. Rempell submitted his bankruptcy petition, and under penalty of perjury, valued his 60% interest in Express Mobile at $6,852. Ex. 4 at 11.

Both of these statements, and the underlying facts of the litigation from which they arose,[2] are relevant to Express Mobile's current damages theory, under which Express Mobile alleges that Shopify would have agreed in 2015 to pay Express Mobile tens of millions of dollars for a license to patents, despite Mr. Rempell's contemporaneous view that the company was worth barely more than $10,000.

Express Mobile now asserts that "the value of the stock" is not relevant because it "was based on Express Mobile's revenue and liabilities, not the value of the asserted patents." Express Mobile *MIL* No. 2 at 2 (citing 8/3/2020 Rempell Tr. at 313-317). But this assertion makes no sense, where patents are Express Mobile's primary asset and only significant source of revenue. Express Mobile's own damages expert Walter Bratic stated that Express Mobile's past valuations have been "***'primarily' based on the value of Express Mobile's patents***." Ex. 5 ¶ 64 (emphasis added). Thus, Express Mobile's statements from 2017 relating to the value of Express

---

[2] To the extent Express Mobile agrees not to reference Mr. Rempell's car accident or his alleged injuries, Shopify would agree not to reference the personal injury lawsuit or its outcome. However, Shopify reserves the right to introduce the communications attached hereto Exs. 3-4 relating to the bankruptcy proceeding.

2

Mobile the company are highly relevant to its damages theory in this case. And there is no danger of unfair prejudice or juror confusion, because if Express Mobile has a plausible theory to explain the apparent inconsistency between Express Mobile's damages theory in 2021 and the value of Express Mobile as a company in 2017, it is free to provide it at trial through Mr. Rempell or other witnesses. Exclusion under Rule 403 is unwarranted given the probative value of the information resulting from Mr. Rempell's personal injury and bankruptcy proceedings.

**B.    Shopify should not be precluded from using neutral terms that accurately describe Express Mobile**

Express Mobile's request to preclude Shopify from using pejorative terms like "patent troll" is overbroad. Shopify agrees not to use truly pejorative terms such as "troll" or "shakedown" to describe Express Mobile and its business model, but Shopify should not be precluded from offering neutral, factual descriptions of Express Mobile and its business. Indeed, courts have recognized that such "factual evidence concerning Plaintiff's business" is "relevant to a damages analysis under the *Georgia-Pacific* factors." *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999, 2015 WL 4129193, *2 (N.D. Cal. July 8, 2015). *See, e.g.*, *Evolved Wireless, LLC v. Apple Inc.*, No. 15-542-JBF, 2019 WL 1100471, *7 (D. Del. March 7, 2019) (precluding use of "truly pejorative terms like 'troll,' 'patent troll,' or 'playing the litigation lottery'," but allowing "neutral terms like 'non-practicing entity'"); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971, 2014 WL 4090550, *12 (N.D. Cal. Aug. 19, 2014) (excluding pejorative terms such as "patent troll" but permitting "neutral, strictly factual terms, such as 'patent assertion entity,' a 'company that does not make anything,' a 'company that does not sell anything,' or 'licensing entity'"). Thus, Shopify should be permitted to explain to the jury that Express Mobile is a non-practicing entity that does not make or sell any products that embody the patents-in-suit.

| | |
|---|---|
| Dated: November 12, 2021 | By: */s/ Daniel M. Silver* |
| | Daniel M. Silver (#4758) |
| OF COUNSEL: | Alexandra M. Joyce (#6423) |
| | MCCARTER & ENGLISH, LLP |
| Adam R. Brausa | Renaissance Centre |
| Timothy C. Saulsbury | 405 N. King St., 8th Fl. |
| Vera Ranieri | Wilmington, DE 19801 |
| Raghav R. Krishnapriyan | Tel: (302) 984-6331 |
| Eric C. Wiener | dsilver@mccarter.com |
| Whitney R. O'Byrne | ajoyce@mccarter.com |
| DURIE TANGRI LLP | |
| 217 Leidesdorff Street | *Attorneys for Plaintiffs and Counterclaim Defendants* |
| San Francisco, CA 94111 | *Shopify Inc. and Shopify (USA), Inc.* |
| Tel: (415) 362-6666 | |
| abrausa@durietangri.com | |
| tsaulsbury@durietangri.com | |
| vranieri@durietangri.com | |
| rkrishnapriyan@durietangri.com | |
| ewiener@durietangri.com | |
| wobyrne@durietangri.com | |

4

# PROOF OF SERVICE

I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 217 Leidesdorff Street, San Francisco, CA 94111.

On November 12, 2021, I served the following documents in the manner described below:

**SHOPIFY'S OPPOSITION TO EXPRESS MOBILE'S MOTION IN LIMINE NO. 2**

| x | BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from ewiener@durietangri.com to the email addresses set forth below. |

On the following part(ies) in this action:

| | |
|---|---|
| Timothy Devlin<br>Robert Kiddie<br>Srikant Cheruvu<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>tdevlin@devlinlawfirm.com<br>rkiddie@devlinlawfirm.com<br>scheruvu@devlinlawfirm.com<br>mmcclain@devlinlawfirm.com<br>fxu@devlinlawfirm.com<br>ecfdocketing@devlinlawfirm.com<br>jsparklin@devlinlawfirm.com<br>jcraft@devlinlawfirm.com<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Express Mobile, Inc.* | James R. Nuttall<br>Michael Dockterman<br>Robert F. Kappers<br>Tron Fu<br>Katherine H. Johnson<br>STEPTOE & JOHNSON LLP<br>115 South LaSalle Street, Suite 3100<br>Chicago, IL 60603<br>jnuttall@steptoe.com<br>mdockterman@steptoe.com<br>rkappers@steptoe.com<br>tfu@steptoe.com<br>kjohnson@steptoe.com<br>jcooper@steptoe.com<br>lthompson@steptoe.com<br>meckstein@steptoe.com<br>mdockterman@steptoe.com<br>SJXMOShopify@steptoe.com<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Express Mobile, Inc.* |

Christopher Suarez
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
csuarez@steptoe.com

*Attorneys for Defendant and
Counterclaim Plaintiff
Express Mobile, Inc.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 12, 2021, at Berkeley, California.

<u>    /s/ Eric C. Wiener    </u>
Eric C. Wiener

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>EXPRESS MOBILE, INC.<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 19-cv-00439-RGA<br><br>Honorable Richard G. Andrews |

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF
EXPRESS MOBILE, INC.'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 2 TO PRECLUDE IMPROPER REFERENCE
TO UNRELATED AND IRRELEVANT PRIOR PERSONAL CASES RELATED
TO MR. REMPELL AND FROM MAKING DEROGATORY STATEMENTS**

I.  **REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2**

Shopify's opposition twists reality, overstates the relevance, and mischaracterizes the opinions of Express Mobile's damages expert.[1] The Court should reject those attempts and Shopify's attempt to turn this patent case into Mr. Rempell's personal injury and bankruptcy cases part two. The alleged valuations that Shopify points to as part of the personal injury and bankruptcy proceedings did not value the patents—but rather were valuations of the revenue versus liabilities for Express Mobile as a company after Mr. Rempell's accident. Shopify does not dispute that the valuations in the personal injury and bankruptcy lawsuits were valuing the company. Instead Shopify mischaracterizes Mr. Bratic's opinion that the valuation as part of the ***DSS investment in Express Mobile*** was "primarily" based on the Web Design Patents. (Ex. 7, Bratic Reply ¶ 64-65.) Mr. Bratic was clear that the ***personal injury and bankruptcy lawsuits*** were based on entirely different circumstances. (*Id*. at 65, fn 98 (based on par value of stock not the patents).) Moreover, Shopify's damages expert does not even cite to or rely on the personal injury settlement documents that Shopify references in its motion. These materials are therefore irrelevant should be excluded on that basis alone.

Any alleged relevance of the company's value to the amount of damages for Shopify's infringement is at best marginally relevant and far outweighed by the real danger of prejudice to Express Mobile, confusion to the jury, and wasting time at trial. S*ee e.g., AVM Techs., LLC*, 2017 U.S. Dist. LEXIS 65698, at *8-9; Ex. 4, *Amgen Inc. v. Sanofi*, No. 14-01317-RGA, D.I. 749 at 2.

---

[1] Again, Shopify objects that this motion relates to more than one topic, but Shopify again does not oppose the motion relating to pejorative terms. (*See* Reply to MIL No. 1.) Had Shopify simply agreed during the parties meet and confer that it did not oppose this issue, the issue could have been easily avoided, Express Mobile would not of had to brief the issue, and the Court would not have had to waste its time reviewing unopposed issues and Shopify's complaint.

Dated: November 19, 2021

/s/ James R. Nuttall
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on November 19, 2021.

*/s/ James R. Nuttall*
James R. Nuttall

3

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on December 10, 2021.

>   */s/ Timothy Devlin*
>   Timothy Devlin (No. 4241)