# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SHOPIFY INC. AND SHOPIFY (USA),
INC.,

                Plaintiffs and Counterclaim
                Defendants,

      v.

EXPRESS MOBILE, INC.,

                Defendant and
                Counterclaim Plaintiff.

**REDACTED PUBLIC VERSION
FILED ON 12/20/2021**

Case No. 19-439-RGA



## SHOPIFY'S MOTION IN LIMINE NO. 1
## TO PRECLUDE EXPRESS MOBILE FROM PRESENTING EVIDENCE OR
## ARGUMENT RELATING TO THE MARKING OBLIGATIONS OF 35 U.S.C. § 287
## NOT DISCLOSED IN FACT DISCOVERY

Shopify moves to preclude Express Mobile from introducing evidence or argument at trial relating to the marking obligations of 35 U.S.C. § 287 not identified in fact discovery.

## I.      BACKGROUND

35 U.S.C. Section 287 requires anyone selling patented articles to mark them with the patent numbers, otherwise damages for patent infringement are limited to infringement occurring after the defendant received notice.  This obligation extends to taking "reasonable efforts to ensure [a licensee's] compliance with the marking requirements."  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996).

Here, Express Mobile has entered into more than 30 licenses covering at least one of the remaining patents-in-suit.  During discovery, Express Mobile pointed to these licenses and the licensee's products as evidence of commercial success.  For example, Express Mobile stated in interrogatory responses that "approximately ████████ of licensing revenues [were] attributable to the claimed inventions of the Asserted Patents"[1] and that that "Express Mobile's patented technology has been used by the numerous companies identified in the agreements identified herein and has resulted in commercially successful licensing revenues following settlement of infringement lawsuits relating to the Asserted Patents."  Ex. A at 3-6 (Express Mobile response to Interrogatory No. 3) (listing dozens of parties to whom it licensed the Asserted Patents, claiming those parties used the patented technology).  After reviewing the licenses cited in Express Mobile's interrogatory responses, which do not impose marking obligations on the licensee, Shopify alerted Express Mobile that it did not believe Express Mobile had taken

---

[1] Two of the five Asserted Patents are no longer at issue for trial, as a result of the Court's order finding that Shopify does not infringe the asserted claims of U.S. Patent Nos. 6,546,397 and 7,594,168 as a matter of law.  D.I. 297 at 22, 25.  The licenses cited by Express Mobile in its interrogatory responses, however, include license grants that cover all five originally Asserted Patents.

1

reasonable efforts to ensure its licensees' compliance with Section 287.  *See, e.g.* Ex. B at 49.

Shopify also pursued discovery to determine whether Express Mobile had complied with its marking obligations under Section 287, and served an interrogatory specifically asking about Express Mobile's marking-related efforts.  Ex. C at PDF p. 3 (Interrogatory No. 2).  In response, Express Mobile stated that:

> The license and settlement agreements describe, in part, efforts and activities to satisfy the marking requirements of 35 U.S.C. § 287. Express Mobile will conduct a reasonable search and identify non-privileged business records responsive [to] this Interrogatory . . . .

*Id.* at PDF p. 4.  Shopify pressed Express Mobile to supplement this response, and Express Mobile agreed to supplement its production relating to this response with additional license agreements, *see* Ex. D, but never supplemented its response further to suggest that it had no marking obligation and/or to explain how the licenses reflect reasonable efforts to ensure Express Mobile licensees' compliance with Section 287.

## II.     ARGUMENT

Express Mobile should not be permitted to introduce any additional evidence or arguments relating to the marking obligations of Section 287 beyond the documents and arguments it provided in fact discovery.  To the extent any such materials exist, Express Mobile's failure to supplement its interrogatories with any such evidence violates its duty to supplement under Rule 26(e) its interrogatory responses "in a timely manner."  In such circumstances, under Rule 37(c), courts have precluded presentation of evidence and arguments at trial that should have been disclosed in response to an interrogatory.  *See, e.g.*, *Edwards Lifesciences AG v. Corevalve, Inc.*, No. 8-91-GMS, 2010 WL 11483203, at *3 (D. Del. Feb. 26, 2010) (precluding claim not disclosed in interrogatory response because it would deprive defendant of "benefit of discovery" on claim and would be "unfairly prejudicial"); *see also*

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 5-CV-1887, 2009 WL 3754170, at *16 (D.N.J. Nov. 5, 2009) (contention interrogatories are meant to "narrow and define the issues for trial" and "avoid[] surprise and undue prejudice").

Shopify's response to Interrogatory No. 12 put Express Mobile on notice of its claim that Express Mobile failed to comply with Section 287's marking requirement.  That response identified the products that gave rise to Express Mobile's marking obligations—the products sold by Express Mobile licensees—which Express Mobile claimed embodied the Asserted Patents. Ex. B at 49-50.  If Express Mobile disputed its non-compliance with the marking requirements of Section 287, it could have done so do so by: (1) providing evidence that the licensed products do not practice the Asserted Patents; or (2) providing evidence that it took reasonable steps to ensure its licensees marked those products with the Asserted Patents.  However, Express Mobile's response to Interrogatory No. 2 (calling for any efforts by its licensees to comply with the marking obligation) contained neither.

There is no justification for allowing Express Mobile to inject new evidence or argument into the case a trial, which would unfairly prejudice Shopify, who did not have the "benefit of discovery" on such evidence.  *See Edwards*, 2010 WL 11483203, at *3.  Had Express Mobile timely disclosed additional evidence relating to marking, Shopify could and would have conducted additional discovery into the issue and potentially provided additional expert testimony.  Express Mobile's failure to do so should not be excused just weeks before trial and therefore, Express Mobile should be precluded form presenting any evidence or arguments relating to the marking obligations of Section 287 other than what it provided in fact discovery.

Dated:  November 5, 2021

OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

By:  */s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants
Shopify Inc. and Shopify (USA), Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., | |
| Plaintiffs and Counterclaim Defendants, | Case No. 19-439-RGA |
| v. | |
| EXPRESS MOBILE, INC., | |
| Defendant and Counterclaim Plaintiff. | |

**PROPOSED ORDER ON SHOPIFY'S MOTION IN LIMINE NO. 1
TO PRECLUDE EXPRESS MOBILE FROM PRESENTING EVIDENCE OR
ARGUMENT RELATING TO THE MARKING OBLIGATIONS OF 35 U.S.C. § 287
NOT DISCLOSED IN FACT DISCOVERY**

**[PROPOSED] ORDER**

The Court, having considered the moving papers and evidence submitted in support

thereof, the opposition, the reply, evidence and argument presented at the hearing on the matter,

and good cause therefore, orders as follows:

Shopify's *Motion in Limine* #1, seeking to preclude Express Mobile, Inc. ("Express

Mobile") from presenting evidence or argument relating to the marking obligations of 35 U.S.C.

287 not disclosed in fact discovery, is hereby **GRANTED**, and Express Mobile shall not present

any such evidence or argument, including specifically any evidence that Express Mobile or its

licensees complied with the marking obligations of 35 U.S.C. § 287 other than identified in its

response to Interrogatory No. 2.

**IT IS SO ORDERED.**


Dated: _____              _____
                                    UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

SHOPIFY INC. AND SHOPIFY (USA), INC.    )
   )
   Plaintiffs/Counterclaim Defendants,    )
   )
          v.    )   Civil Action No. 19-cv-00439-RGA
   )
EXPRESS MOBILE, INC.    )   Honorable Richard G. Andrews
   )
   Defendant/Counterclaim Plaintiff.    )
   )

# DEFENDANT AND COUNTER-CLAIM PLAINTIFF
# EXPRESS MOBILE, INC.'S CORRECTED OPPOSITION
# TO SHOPIFY'S MOTION *IN LIMINE* NO. 1

Shopify improperly characterizes Express Mobile's positions and discovery responses. Express Mobile disclosed its positions regarding marking and Shopify's motion should be denied.

## A.      Background

35 U.S.C § 287 obligates patentees who sell products that embody the claimed invention to mark those products in lieu of actual notice of infringement.   Shopify never asked an interrogatory seeking Express Mobile's basis for compliance with Section 287, past damages, or what products, if any, exist and are required to be marked for the Web Component Patents.[1] Instead, Shopify's Interrogatory No. 2 sought very specific discovery related to what efforts and activities were taken to mark any product that practices the claims of the asserted patents.   (*See* Ex. C, ("Identify all ***efforts and activities…. to satisfy the marking requirements*** of 35 U.S.C. § 287.").) This interrogatory therefore did not seek discovery regarding what products practice the claims of the asserted patents.

Shopify cites to a different interrogatory, interrogatory no. 3, but that request relates to commercial success not marking.  (Ex. A, at 1-2, ("objective considerations of nonobviousness").) Shopify also mischaracterizes and misleadingly only quotes snippets of that response to attempt to argue that a number of parties practice the asserted claims of the Web Component Patents.  Shopify omitted the fact that Express Mobile's interrogatory answer identified parties that "Express Mobile accused [sic] of infringing the patented technology of the Asserted Patents."  (*Id.* at 12.)

 Shopify also completely omitted interrogatory no. 9, which requested an identification of each entity and product that "adopted the claimed inventions of the Asserted Patents."  (*Id.* at 20.) Express Mobile's answer states that it has asserted certain patents against various entities and that the "existence of a nexus between the claims of the Asserted Patents and the infringing activities"

---

[1] The remaining patents-in-suit are the '755, '287 and '044 patents (the "Web Component Patents").  The '397 and '168 patents (the "Web Design Patents") are not at issue for trial.

1

was based on "***allegations of infringement of the Asserted Patents*** in Federal District Courts." (*Id.* at 24.)  Express Mobile then specifically identified the litigation dockets, complaints and other case specific information for those entities relating to its identification of any entity that it asserted practiced the claimed invention of the different Express Mobile patents.  Thus, whether any entity or accused product practices the claims is based on the allegations in the complaints.

Finally, Shopify cites to its answer to interrogatory no. 12 as putting Express Mobile "on notice" of Shopify's argument.  (Ex. B at 49.)[2]  Shopify's answer merely identifies a handful of settlement agreements that are allegedly relevant to this issue and that there is no evidence that any entity "actually practice[s] any claim of the Asserted Patents."  Shopify did not identify any alleged entity or product that practices any claim of the Web Component Patents.  (*Id.*)

### B.  Argument

Shopify's motion seeks to preclude any new evidence relating to marking beyond what was disclosed in discovery.  Express Mobile does not intend to introduce any new evidence regarding efforts to mark any products, and Shopify's motion is therefore moot.

Shopify's motion, however, improperly seeks to exclude evidence or argument beyond efforts to mark any products without having any basis.  First, Shopify points only to interrogatory no. 2 and fails to identify any other discovery specifically relating to marking.  Interrogatory no. 2 merely relates to efforts to actually mark products.  Shopify did not serve broader discovery on marking, for example asking for "evidence that the licensed products do not practice the Asserted Patents."  (Opening at 3.)  Second, Shopify's motion fails to discuss interrogatory no. 9, which discloses Express Mobile's position that any allegation about a product being covered by any claim

---

[2] Shopify's supplemental response was served on the day fact discovery closed in this case, apparently intending to hide its arguments until after fact discovery closed.

is related to infringement allegations in complaints and other litigation materials.[3]   Shopify improperly attempts to exclude information and arguments that Express Mobile disclosed, including whether any product practices any asserted claim is based on the infringement allegations in the complaints and other litigation materials.  (*Id.*)  Third, Shopify itself failed to identify any entity or product allegedly obligated to be mark, and thus should itself be excluded from introducing such evidence or argument at trial.  (Ex. B at 49); *see, e.g., Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) (requiring that alleged infringer specifically identify the unmarked "patented articles").

Shopify's assertion that it would have taken additional discovery and provided expert testimony rings hollow.  To the extent Shopify requested discovery on this issue, Express Mobile fully responded.  And to the extent any discovery other than interrogatory no. 2 is relevant to this issue, interrogatory no. 9 discloses that any nexus is tied to infringement allegations in the complaints and specifically refers to the complaints and other litigation materials.  Shopify was long-aware of these entities and cases and could have submitted expert testimony regarding any entity or product that it asserted practiced any claim of any of the Express Mobile patents.  Shopify elected not to do so and any argument that it would have done something different now is therefore unfounded.

---

[3] Shopify's failure (or intentional decision to withhold) interrogatory no. 9 from its motion waives any new arguments regarding this issue in its Reply.

Dated: November 18, 2021

/s/ James R. Nuttall
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff*
*Express Mobile, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that copies of the within filing were served on

counsel of record via electronic mail on November 18, 2021.

*/s/ James R. Nuttall*
James R. Nuttall

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>          Plaintiffs and Counterclaim Defendants,<br><br>     v.<br><br>EXPRESS MOBILE, INC.,<br><br>          Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

## SHOPIFY'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 1

Express Mobile's opposition confirms its intent to backtrack on what it told Shopify in discovery.  In its interrogatory responses, Express Mobile stated that third parties, including its licensees, sold products embodying the Asserted Patents.  Ex. A at 4-6.  Relying on that statement, Shopify identified those same companies and products as giving rise to a duty to mark.  Ex. B at 49-50.[1]  Shopify also requested Express Mobile identify "all efforts ... to satisfy the marking requirements of 35 U.S.C. § 287."  Ex. C at 3 (Int. No. 2).  Express Mobile responded by pointing to its license agreements, none of which contain marking provisions.  *Id.*

Express Mobile argues that its response to a different interrogatory, Int. No. 9, shows that Express Mobile only *accused* third parties of infringement, not that Express Mobile believes the accused third party products *actually* embody the Asserted Patents.  That distinction is insufficient to avoid the marking requirement; by identifying the parties Express Mobile alleged practice the inventions, Shopify met its burden of production under *Arctic Cat*.  *See Semcon IP Inc. v. Huawei Device USA Inc.*, 2017 WL 6343771, at *3 (E.D. Tex. Dec. 12, 2017) (defendant's burden satisfied by identifying license agreements).  The ball was then in Express Mobile's court to show those products did not embody the Asserted Patents or that Express Mobile met its marking obligations; it did neither.  Express Mobile also argues Shopify never sought Express Mobile's basis for "past damages."  Not so.  Shopify served discovery seeking "all facts and circumstances" relating to Express Mobile's alleged damages.  Express Mobile's response did not discuss Express Mobile's alleged entitlement to past damages at all.  Ex. L at 1-5.  Express Mobile should be therefore not be permitted to argue at trial that it had no duty to mark or present any additional evidence regarding alleged compliance with Section 287.

---

[1] Express Mobile suggests Shopify's motion concealed the response to Interrogatory No. 9.  Not so.  The list of entities identified in Interrogatory No. 9 is the same as the list provided in Interrogatory No. 3, and Shopify cited that version of the list in its own interrogatory response.

1

Dated:  November 19, 2021

By: */s/ Daniel M. Silver*

OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Annie A. Lee
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
alee@durietangri.com

Whitney R. O'Byrne
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
Tel: (213) 992-4499
wobyrne@durietangri.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants*
*Shopify Inc. and Shopify (USA), Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on December 10, 2021 on the following counsel in the manner indicated:

<u>VIA EMAIL</u>
Timothy Devlin
Robert Kiddie
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
rkiddie@devlinlawfirm.com

Christopher Suarez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131
csuarez@steptoe.com

James R. Nuttel
Michael Dockterman
Robert F. Kappers
Tron Fu
Katherine H. Johnson
STEPTOE & JOHNSON LLP
115 South La Salle Street, Ste. 3100
Chicago, IL 60603
(312) 577-1254
jnuttal@steptoe.com
mdockterman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com

*Attorneys for Express Mobile, Inc.*

Dated:  December 10, 2021                */s/ Daniel M. Silver*
                                                   Daniel M. Silver (#4758)