# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SHOPIFY INC. AND SHOPIFY (USA), INC.,

        Plaintiffs and Counterclaim Defendants,

    v.

EXPRESS MOBILE, INC.,

        Defendant and Counterclaim Plaintiff.

**REDACTED PUBLIC VERSION FILED ON 12/20/2021**

Case No. 19-439-RGA



## SHOPIFY'S MOTION IN LIMINE NO. 2 TO PRECLUDE EXPRESS MOBILE'S EXPERT, DR. KEVIN ALMEROTH, FROM RELYING ON CODE NOT SPECIFICALLY IDENTIFIED AND DISCUSSED IN HIS EXPERT REPORTS

Shopify moves to preclude Express Mobile's technical expert, Dr. Kevin Almeroth, from relying on any code other than the specific lines of code explicitly referenced and discussed in the "exemplary screenshots" from his expert reports in this litigation.  *See* Fed. R. Civ. P. 26(a)(2); 37(c)(1).

## I.     BACKGROUND

Shopify's motion is premised on Dr. Almeroth's vagueness in his expert reports and at deposition about what *specific* code he contends corresponds to the claimed "application" and "player" in the accused Shopify platform.

In Dr. Almeroth's expert reports, he opined that the accused Shopify platform includes the claimed "application" because Shopify provides "certain device-independent HTML, CSS, JavaScript, and other code" as part of its merchant's websites.  Ex. E (Almeroth Opening Rep.), ¶ 476.  But Dr. Almeroth provided little in the way of specifics about what this "certain" code actually is, or what he means by "other code."  At paragraphs 479, 480, and 481 of his report, Dr. Almeroth provided "exemplary screenshot[s]" of alleged "application code," which represent the entirety of specific code identified by Dr. Almeroth as the claimed "application."  *Id.* ¶¶ 479, 480, 481.  Dr. Almeroth separately opined that the accused Shopify platform includes the claimed "player" because Shopify provides "certain device-dependent HTML, CSS, JavaScript, and other code" as part of its merchant's websites.  *Id.* ¶ 485.  Again, Dr. Almeroth provided little in the way of specifics about this "certain" code.  At paragraphs 489-492 and 500-509, Dr. Almeroth provided "exemplary screenshot[s]" of portions of code that represent the only specific lines of code identified by Dr. Almeroth as the claimed "player" in the accused Shopify platform. *Id.* ¶ 489–492, 500–509.

At Dr. Almeroth's deposition, however, he indicated that ***other portions*** of the files identified in his reports, beyond the lines of code that were explicitly identified may provide the

basis for his opinions, as may ***other files*** entirely.  Three examples are illustrative:

 *First*, Dr. Almeroth was asked about alleged device-dependent code in theme.js and he responded:

> I believe my methodology was to identify the basis for what I was - - believed would meet the court's construction and then identified the files where that was the instance.  ***I don't believe I printed out versions of those files and then said what line numbers were the device-dependent code.***  I might be misremembering, but I think the report speaks for itself.

Ex. F (Almeroth Dep. Tr.), at 218:19-219:7 (emphasis added).  Dr. Almeroth further confirmed that the only specific lines of theme.js code shown in his report, at paragraph 502, do not contain any conditional JavaScript (the alleged device-dependent code), but that "[i]t would be elsewhere within that file."  *Id.* at 287:24-288:10.  Dr. Almeroth acknowledged, however, that he was not sure if he "call[ed] out specifically lines of code" on this point in his reports.  *Id.* at 288:11-20. He did not.

 *Second*, Dr. Almeroth was asked about the file www-embed-player.js, which he separately opines is the claimed player and allegedly handles video playback for YouTube videos.  Ex. G (Almeroth Reply), ¶137.  But at deposition, Dr. Almeroth testified there are "***other files*** that are used in combination to actually present the video as shown on the screen." Ex. F at 223:13-224:21 (emphasis added).  His reports did not identify any of these "other files."

 *Third*, Dr. Almeroth opined that the theme.js file works in conjunction with code in the vendor.js file.  Ex. G, ¶ 137.  But Dr. Almeroth was unable to explain how the screenshot of vendor.js code provided in his report supports this assertion.  Instead, he testified that he would "have to kind of see the source code – the rest of the source code to draw that connection more explicitly than what's already described in the screenshot."  Ex. F, at 292:4-294:21.

## II.     ARGUMENT

The examples discussed above show that Express Mobile is likely to reference code that was not specifically disclosed in Dr. Almeroth's reports at trial.  A "party that fails to disclose evidence required by Rule 26(a) will not be allowed to use that evidence unless the failure to disclose the evidence is harmless" or substantially justified.  *Johnson* v. *Vanguard Mfg., Inc.*, 34 Fed. App'x 858, 859 (3d Cir. 2002).  Here, there is no justification for Dr. Almeroth's failure to provide a complete basis for his opinions in his expert reports.  Nor is there any basis for Express Mobile to suggest the failure is harmless, given that trial is weeks away, and even now, Shopify would be in the dark about which code excerpts Dr. Almeroth may rely on at trial.

The prejudice that Shopify would suffer if Dr. Almeroth were permitted to rely on previously undisclosed code excerpts at trial is significant, particularly where many of the files Dr. Almeroth does mention contain thousands of lines of code.  *See, e.g.*, Ex. G, ¶ 137 (showing lines 3878-3906 of vendor.js code); Ex. E, ¶ 502 (showing lines 3370-3398 of theme.js).   Dr. Almeroth and Express Mobile should be held to the requirements of Fed. R. Civ. P. 26(a)(2) and be precluded from relying on any code to satisfy the "application" and "player" claim limitations, other than the specific code actually identified and discussed by Dr. Almeroth in the screenshots set forth in his expert reports.  *See, e.g.*, *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 615 (D. Del.) (precluding expert from testifying on subjects outside the scope of his report and recognizing that "Rules 26(a)(2)(B) and 26(e)(1) require disclosures in advance of trial of the bases and reasons for an expert's opinion"); *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1261 (Fed. Cir. 2010) (no abuse of discretion by district court precluding patentee from offering new evidence of infringement at trial).

Dated:  November 5, 2021

OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

By:  */s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants
Shopify Inc. and Shopify (USA), Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., | |
| Plaintiffs and Counterclaim Defendants, | Case No. 19-439-RGA |
| v. | |
| EXPRESS MOBILE, INC., | |
| Defendant and Counterclaim Plaintiff. | |

**PROPOSED ORDER ON SHOPIFY'S MOTION IN LIMINE NO. 2
TO PRECLUDE EXPRESS MOBILE'S EXPERT, DR. KEVIN ALMEROTH, FROM
RELYING ON CODE NOT SPECIFICALLY IDENTIFIED AND DISCUSSED IN HIS
EXPERT REPORTS**

## [PROPOSED] ORDER

The Court, having considered the moving papers and evidence submitted in support thereof, the opposition, the reply, evidence and argument presented at the hearing on the matter, and good cause therefore, orders as follows:

Shopify's *Motion in Limine* #2, seeking to preclude Express Mobile's expert, Dr. Kevin Almeroth, from relying on code not specifically identified and discussed in his expert reports, is **GRANTED**.

**IT IS SO ORDERED.**


Dated: _____

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC. | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | Civil Action No. 19-cv-00439-RGA |
| v. | ) | |
| | ) | |
| EXPRESS MOBILE, INC. | ) | Honorable Richard G. Andrews |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF
EXPRESS MOBILE, INC.'S OPPOSITION
TO SHOPIFY'S MOTION *IN LIMINE* NO. 2**

Shopify's MIL 2 attempts to preclude Express Mobile's expert Dr. Kevin Almeroth from relying on any code "other than the specific lines of code explicitly referenced and discussed in the 'exemplary screenshots' from his expert reports in this litigation." (MIL 2 at 1.)  Shopify's motion is unfounded, contrary to established law and would improperly preclude Dr. Almeroth from providing the opinions expressed in his report regarding the claimed Application and Player, including testifying about the files he reviewed in rendering the opinions disclosed in his reports.

Shopify's premise is that Dr. Almeroth was "vague" about "what *specific* code he contends corresponds to the claimed 'application' and 'player' in the accused Shopify platform."  (MIL 2 at 1.)  This premise is false because Dr. Almeroth disclosed his opinions regarding the files that make up the Application and Player and the infringing functionality relating to those files, including several files that comprise the JavaScript Player.  *See, e.g.*, D.I. 223, Ex. 1 at ¶¶ 489-490 (identifying specific files).  Shopify nonetheless mischaracterizes Dr. Almeroth's position on the "Player," stating that "Almeroth provided 'exemplary screenshot[s]' of portions of code that represent **the only specific lines of code identified by Dr. Almeroth as the claimed 'player'** in the accused Shopify Platform."  (MIL 2 at 1 (emphasis added).)  As the Court explained, however, "Express Mobile contends that the JavaScript Player **spans multiple JavaScript files** that provide the claimed device-dependent functionality and, **when considered as a whole**, execute different code depending on device specific characteristics. (D.I. 297 at 34 (citing D.I. 258 at 24) (emphasis added)).  Shopify's effort to exclude broad swaths of those JavaScript files from Dr. Almeroth's opinions because he provided examples and screenshots is improper.

Shopify's "examples" reinforce the unreasonableness of its position.  *See* MIL 2 at 1-2. Shopify first asserts that "specific lines of theme.js shown in [Dr. Almeroth's report] do not contain any conditional JavaScript (the alleged device-dependent code)."  *Id.* at 1.  But it admits that Dr.

1

Almeroth explained such code "would be elsewhere within that file" (Ex. 1, Almeroth Dep. at 287:24-288:10), and such code is in the factual record consistent with that testimony. (D.I. 258 at 28 (citing portions of XMO_SHOP00190557, XMO_SHOP00190558)). If Shopify had its way, Dr. Almeroth would not be able to reference this code, regardless of whether it is consistent with his previously expressed opinions. Similarly, Dr. Almeroth testified that theme.js and vendor.js work together, and Dr. Almeroth confirmed during deposition that the developer tools of the browser "show[] the interactions with the send functions" for add to cart functionality in a call stack showing calls to both vendor.js and theme.js. (Ex. 1, Almeroth Dep. at 293:24-294:13, Ex. 2, XMO_SHOP00191599; Ex. 3, Almeroth Reply ¶ 137). As Shopify would also have it, Dr. Almeroth could not testify about the relevant source code functions (e.g., "getJSON" and "_setuCartPoppup) shown in the "call stack" displayed in his report because the specific source code lines in question are not excerpted.

Shopify's final example relates to the Player file www-embed-player.js, which pertains to YouTube video web components. Shopify uses this example to suggest that Dr. Almeroth will use this example to accuse "other files" not identified in his report as part of the Player. But that is not the case. Dr. Almeroth explained that www-embed-player.js could "individually" be part of the Player. (Ex. 1, Almeroth Dep. at 224:22-225:5). The only other file that might be relevant to this issue is theme.js, which Dr. Almeroth also identified as among the Player code files identified throughout his report as discussed above.[1] There are no "other files" outside the report that would be at issue. Accordingly, Shopify's argument lacks merit, and Dr. Almeroth should be permitted to testify about portions of www-embed-player.js or theme.js Player code relevant to his opinions.

---

[1] Shopify's own Larry Lumsden stated under oath that theme.js (again, a file identified by Dr. Almeroth and discussed above) is relevant to video playback functionality. (D.I. 216 (Lumsden Decl., ¶ 40 ("Shopify utilizes YouTube's iframe API, which can be called through theme.js.")).

Shopify's legal position has been rejected by several Courts.  In *Transcenic v. Google Inc.*, Judge Stark refused to preclude the plaintiff's expert "from offering testimony regarding [] any particular code routine, function, line or instruction . . . that he did not previously identify in his expert reports," finding Google's argument "unpersuasive[]."  2014 WL 7478028 (D. Del. Dec. 22, 2014), at *1.  In *Harkabi v. SanDisk Corp.*, the Court permitted testimony that "referred to particular lines of code that were not specifically excerpted" because (as here) the relevant "functionality [of the code] had been set forth in the Reports."  2012 WL 2574717, at *4-*6 (S.D.N.Y. June 20, 2012).  And the Court in *Lucent Techs. v. Gateway* permitted such testimony where the report had at least identified the code "by filename" and Defendants could "challenge [the expert's] opinion on cross examination."  580 F. Supp. 2d 1016, 1056 (S.D. Cal. 2008).

Shopify provides no contrary authority.  None of Shopify's cases address source code at all, let alone the relationship between source code identified in expert reports and Rule 26.  *See* Shopify MIL at p. 3 (citing *Johnson*, *Inline Connection*, and *Becton, Dickinson*).  Instead, they stand for the basic proposition that testimony beyond the scope of an expert's *opinions* may be excluded—the same understanding that informed the *Transcenic*, *Harkabi*, and *Lucent* courts. Shopify separately argues without authority that allowing testimony about lines of code that are not "excerpted" would be prejudicial because some of the source code files at issue are large.  But this argument is overblown because Shopify is aware of Dr. Almeroth's theories and Express Mobile's positions based on both his reports and the factual record, and the set of source code files referenced in Dr. Almeroth's reports is well-defined.  By contrast, limiting Dr. Almeroth only to the "specific code actually identified and discussed" (whatever that means) would distort Dr. Almeroth's infringement theories, artificially limit the record, and inhibit a complete "determination on the merits."  *Lucent*, *supra*, at 1056.  The motion should be denied.

Dated: November 12, 2021

/s/ James R. Nuttall
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff*
*Express Mobile, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that copies of the within filing were served on

counsel of record via electronic mail on November  12, 2021.

*/s/ James R. Nuttall*
James R. Nuttall

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>            Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>EXPRESS MOBILE, INC.,<br><br>            Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

## SHOPIFY'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 2

Express Mobile's opposition confirms that it intends to introduce expert opinions from Dr. Almeroth that were not disclosed during discovery. Express Mobile argues that it should be permitted to do so because Dr. Almeroth allegedly identified "the files that make up the Application and Player and the infringing functionality relating to those files." Opp. at 1. Such a high-level description is insufficient given the specific facts of this case. Many of the accused files are thousands of lines long, contain disparate functions and methods, and their specific content has varied over time. As a result, identification of files did not place Shopify on notice of the basis of Dr. Almeroth's opinion. For example, Dr. Almeroth never suggested theme.js had any device-dependent code in it. Express Mobile implicitly conceded this when it did not cite to any disclosure from Dr. Almeroth regarding the alleged device-dependent code in that file when opposing Shopify's motion for summary judgment. D.I. 258 at 28; D.I. 279 at 14. Yet now Express Mobile asserts that Dr. Almeroth should be allowed to take the stand and do exactly that. *See* Opp. at 2.

The cases cited by Express Mobile are not to the contrary. In *Harkabi*, the court declined to strike the expert's demonstratives, because they were supported by a 25-page detailed analysis which not only identified key files, but explained "their function in the code (***at specific code lines***)." No. 08 CIV. 8203 WHP, 2012 WL 2574717, at *4 (S.D.N.Y. June 20, 2012) (emphasis added). No such detailed analysis was provided by Dr. Almeroth here. He should not be permitted to testify about "other" undisclosed portions of code about which Shopify remains in the dark and on which it did not have an opportunity to cross-examine him. *See id*. at *3 ("The purpose of the expert disclosure rule is to avoid surprise or trial by ambush.").[1]

---

[1] The orders in *Transcenic* and *Lucent Techs.* (the other two decisions cited by Express Mobile) do not provide sufficient factual context to evaluate the extent of the expert analysis or determine whether the holdings are applicable here.

Dated:  November 19, 2021

By: */s/ Daniel M. Silver*

OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Annie A. Lee
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
alee@durietangri.com

Whitney R. O'Byrne
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
Tel: (213) 992-4499
wobyrne@durietangri.com

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants*
*Shopify Inc. and Shopify (USA), Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on December 10, 2021 on the following counsel in the manner indicated:

<u>VIA EMAIL</u>
Timothy Devlin
Robert Kiddie
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
rkiddie@devlinlawfirm.com

Christopher Suarez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131
csuarez@steptoe.com

James R. Nuttel
Michael Dockterman
Robert F. Kappers
Tron Fu
Katherine H. Johnson
STEPTOE & JOHNSON LLP
115 South La Salle Street, Ste. 3100
Chicago, IL 60603
(312) 577-1254
jnuttal@steptoe.com
mdockterman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com

*Attorneys for Express Mobile, Inc.*

Dated:  December 10, 2021                    */s/ Daniel M. Silver*
                                                   Daniel M. Silver (#4758)

ME1 38627185v.1