# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>  v.<br><br>EXPRESS MOBILE, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | **REDACTED PUBLIC VERSION FILED ON 12/20/2021**<br><br>Case No. 19-439-RGA<br><br> |

**SHOPIFY'S MOTION IN LIMINE NO. 3
TO PRECLUDE DISCUSSION AND EVIDENCE OF STEVEN REMPELL'S 2011
AUTOMOBILE ACCIDENT**

Shopify moves to preclude Express Mobile from referencing or relying on named inventor Steven Rempell's automobile accident in 2011 for any purpose. Mr. Rempell's accident is not relevant to any issue in the case and the only reason for its introduction would be to elicit sympathy from jurors. Under F.R.E. 403, the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time all far outweigh the probative value of this evidence, of which there is none. As such, this evidence should be excluded.

## I.     BACKGROUND

It is undisputed that Express Mobile is a non-practicing entity that does not offer any products and services that embody the three remaining patents-in-suit. *See, e.g.*, Ex. H (Bratic Opening Damages Report (Sep. 4, 2020)), at 6; Ex. I (XMO Rog 8 Resp) (excerpted). Based on discovery in this case, it appears that Express Mobile may attempt to explain these facts away, by suggesting that Express Mobile's failure in the market resulted from a 2011 car accident involving Steven Rempell. Mr. Rempell is a named inventor on the three remaining patents-in-suit and the founder, chairman, and CTO of Express Mobile, and he alleges that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from the accident that forced Express Mobile to cease operations. *See, e.g.*, Ex. J (Rempell Dep. Tr., July 28, 2020) at 119:4-120:19. But there is no evidence in the record to support this assertion and indeed, in an Express Mobile presentation from 2015 (just after the first of the three remaining patents-in-suit issued), Express Mobile represented that Mr. Rempell had "recovered" and allegedly "re-started" pursuit of commercial activities.[1] Ex. K at XMO_SHOP00041513.

---

[1] Additionally, Mr. Rempell filed a personal injury lawsuit relating to the automobile accident in which in he sought damages based on future economic loss, "due to his inability to work at his company, Express Mobile." *See Rempell v. Hofmann*, No. A146257, 2018 WL 2931835, at *1 (Cal. Ct. App. June 12, 2018). After a five-week jury trial, the jury awarded him $0 in damages for future lost earnings resulting from the accident, which was affirmed on appeal. *Id.*

## II.     ARGUMENT

Mr. Rempell's auto accident has nothing to do with the non-infringement, invalidity, or damages issues remaining to be tried in this case.  To the extent that Express Mobile suggests Mr. Rempell's alleged injury helps to explain why Express Mobile never commercialized any products embodying the patents-in-suit, that is unsupported conjecture that is inconsistent with Express Mobile's own marketing documents.

The only other potential reason for Express Mobile to reference Mr. Rempell's auto accident and alleged traumatic brain injury in 2011 is to elicit sympathy from jurors.  This would be unfairly prejudicial to Shopify, which is why evidence of health issues is inadmissible in such circumstances.  *See Meiser v. State Farm Fire and Cas. Co.*, No. 3:17-2366, 2019 WL 4439872, at *1 (M.D. Penn. June 6, 2019) (excluding evidence of health issues in a breach of contract case because the probative value, "if any," was "extremely low," whereas "the prejudicial effect of presenting a plaintiff's health issues to a jury certainly poses a significant danger of unfair prejudice and improper requests for sympathy"); *United States v. Estephane*, No. 3:16-cr-148-TBR, 2017 WL 4927676, at *4-5 (W.D. Ken. Oct. 31, 2017) (excluding evidence of a prior assault and head injury from roughly two years earlier because the evidence had "infinitesimal" probative value in the SNAP- and wire-fraud case, but "might engender irrelevant sympathies that do not bear whatsoever" upon the elements of the case).

The jury should not be distracted from the merits of this patent case by irrelevant appeals to sympathy, particularly where Express Mobile has not provided any evidence linking the accident to Express Mobile's status as non-practicing entity.  *See Queen v. W.I.C., Inc.*, No. 14-cv-519-DRH-SCW, 2017 WL 4223950 (S.D. Ill. Sept. 22, 2017) (excluding evidence and argument that was "not relevant and would only appeal to the sympathy of the jury"); *Hughes v. Sears, Roebuck and Co.*, No. 2:09-cv-93, 2011 WL 13309011, at *3 (N.D.W.V. Aug. 19, 2011)

(prohibiting the parties from making any mention of an auto accident in a treadmill injury case where the physician's deposition testimony was "insufficient to support an argument that the automobile injury contributed to the injuries to the arms"). Even if one were to accept, for the sake of argument, that Mr. Rempell's car accident contributed to Express Mobile's non-practicing entity status in some small way, this probative value is, as in *Meiser*, extremely low and dwarfed by the significant danger of undue prejudice to Shopify.

Exclusion *in limine* of any reference to, or mention of, Mr. Rempell's car accident or any related injuries is therefore appropriate.

Dated:  November 5, 2021
OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

By: */s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.,<br><br>  Plaintiffs and Counterclaim Defendants,<br><br>  v.<br><br>EXPRESS MOBILE, INC.,<br><br>  Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

**PROPOSED ORDER ON SHOPIFY'S MOTION IN LIMINE NO. 3
TO PRECLUDE DISCUSSION AND EVIDENCE OF STEVEN REMPELL'S 2011
AUTOMOBILE ACCIDENT**

**[PROPOSED] ORDER**

The Court, having considered the moving papers and evidence submitted in support thereof, the opposition, the reply, evidence and argument presented at the hearing on the matter, and good cause therefore, orders as follows:

Shopify's *Motion in Limine* #3, seeking to preclude discussion and evidence of Steven Rempell's 2011 automobile accident, is **GRANTED**.

**IT IS SO ORDERED.**


Dated: _____

UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.  )<br>)<br>Plaintiffs/Counterclaim Defendants,  )<br>)<br>v.  )<br>)<br>EXPRESS MOBILE, INC.  )<br>)<br>Defendant/Counterclaim Plaintiff.  )<br>) | Civil Action No. 19-cv-00439-RGA<br><br>Honorable Richard G. Andrews |

## DEFENDANT AND COUNTER-CLAIM PLAINTIFF
## EXPRESS MOBILE, INC.'S OPPOSITION
## TO SHOPIFY'S MOTION *IN LIMINE* NO. 3

Shopify's motion *in limine* no. 3 improperly seeks to exclude the fact that Mr. Rempell, the founder, CEO and inventor of the asserted patents, was in a car accident that fundamentally altered Express Mobile's business. This fact is inextricably linked to Express Mobile's history, efforts to develop commercial products (including embodiments of the asserted patents and other products), the necessity of ceasing development efforts, and changes to its business strategy that directly flowed from the accident. Shopify's motion should be denied.

### A. Mr. Rempell's Accident Is Relevant To Commercial Embodiments

Shopify incorrectly asserts that Mr. Rempell's accident is irrelevant and serves only to elicit sympathy from jurors. Shopify's assertions are belied by both of its own experts, who attempt to disparage and discount Express Mobile's commercialization efforts. First, Shopify's damages expert, Mr. Bakewell, opines that Express Mobile allegedly struggled financially and had not commercialized its branded "Xpressmo" platform. (Ex. 1, Bakewell ¶ 65.) Mr. Bakewell concludes that "Express Mobile's inability to successfully practice or commercialize the software platform . . . provides further evidence of relatively modest incremental economic value." (Ex. 1, Bakewell ¶ 192.) Mr. Bakewell also opines that "[b]y 2012, Mr. Rempell . . . believed the only option for Express Mobile was to monetize its patents through assertion efforts." (Ex. 1, Bakewell ¶ 69.) In support, **Mr. Bakewell specifically relies on Mr. Rempell's testimony that "on November 29, 2011 he was in a car accident and** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (Ex. 1, Bakewell fn. 109.) Second, Shopify's technical expert, Mr. Schmandt, opines that Express Mobile could not commercialize the asserted patents and as a result the technology lacks importance and is an incremental benefit over the prior art. (Ex. 2, Schmandt Rebuttal at 202-204.) Thus, Shopify's experts rendered opinions about the car accident in this case.

In response, Express Mobile's damages expert, Mr. Bratic, opined that Express Mobile was "working toward commercialization of the patented technology until 2011, when Mr. Rempell was

1

involved in a serious, debilitating car accident;" "Express Mobile began transitioning its operations from commercializing products to monetizing the patents it owned;" and "[n]either Express Mobile nor Akira had an interest in monetizing the patents prior to that transition, which was necessitated by Mr. Rempell's accident." (Ex. 3, Bratic Reply ¶ 75.) Both parties therefore submitted evidence regarding Express Mobile's efforts to commercialize the patented technology, and Mr. Rempell's accident is directly relevant to that issue. Express Mobile should be permitted to present such evidence and to rebut Shopify's experts.

Shopify boldly and incorrectly asserts there is no evidence in the record to support that the accident had anything to do with Express Mobile's business or commercialization of the asserted patents. In addition to Mr. Rempell's testimony regarding the accident and how it affected the development of commercial products (Ex. 4, Rempell 7/28/20 Tr. at 119, 123; Ex. 5, Rempell 8/3/20 Tr. at 317-320), there is additional evidence regarding the impact of the accident on Express Mobile's business. Shopify deposed several other witnesses that confirmed that Express Mobile had to close down or restart efforts to commercialize after the accident. (Ex. 6, Secker Dep. at 51, 89 (Mr. Rempell suffered ▮▮▮▮ and was unable to function causing the company to close); Ex. 7, Gonzalez Dep. at 47-48, 95-96, 149 (Mr. Rempell's accident required a restart).) Testimony that the non-practicing status was due at least in part to Mr. Rempell's accident, not Shopify's unfounded accusations, is highly relevant.

### B. Mr. Rempell's Accident Is Relevant To Damages

Mr. Rempell's accident is also relevant to damages, including the hypothetical negotiation between the parties. For example, Shopify further injects Mr. Rempell's financial issues resulting from the accident into this litigation. Mr. Bakewell references Mr. Rempell's bankruptcy filing and alleged valuations of Express Mobile as relevant to his damages opinion. (Ex. 1, Bakewell ¶ 70, fn. 115.) It is clear that Shopify intends to rely on such information at trial. (DTX310 (email

detailing a settlement offer from Mr. Rempell's attorney in the personal injury lawsuit flowing from the accident).) Thus, Shopify intends to introduce arguments or testimony relating to events directly resulting from the very information it now seeks to exclude. Shopify cannot be permitted to raise issues related to the lawsuits, financial status, and business operations directly flowing from the accident, while the fact that the accident happened is excluded. Express Mobile is entitled to present testimony the accident, how it affected commercialization efforts, the financial impact that fact had on Express Mobile and the decision to monetize the asserted patents, all of which would have been considered by the parties to the hypothetical negotiation.

### C. Express Mobile Will Suffer Undue Prejudice If The Accident Is Excluded

If Shopify's motion were granted, Express Mobile would be left with no explanation of its non-practicing entity status, the end of its prior commercialization efforts, and the affect it had on the business. Shopify would be unchecked in its efforts to disparage Express Mobile's lack of commercial embodiment and financial status. The jury is entitled to consider the full and accurate context, which includes Mr. Rempell's accident. (Ex. 8 at 6, *Tyco Healthcare Group LP v. Applied Med. Resources Corp*, No. 9:09-cv-176 (E.D. Tex. Feb. 26, 2010) (denying exclusion where "inextricably linked" to issues at trial).)

Shopify's cited caselaw does not demand another result. Unlike those cases, Mr. Rempell's accident does bear on issues at trial, including Express Mobile's ability to practice the inventions and the economic circumstances of the hypothetical negotiation. Shopify's cases are not patent cases and distinguished from the unique circumstances here, where an inventor and founder of the patent holder was involved in a serious accident impacting the patent holder's business.[1]

---

[1] Shopify's cases involve breach of contract (*Meiser*), wire fraud (*Estephane*), and tort (*Hughes*). In each, unlike here, the excluded subject matter did not bear on the issues to be decided. *Queen* is entirely irrelevant and involve exclusion of evidence that an adverse judgment would create financial hardship.

3

Dated: November 12, 2021

/s/ *James R. Nuttall*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall (admitted *pro hac vice*)
Michael Dockterman (admitted *pro hac vice*)
Robert F. Kappers admitted (*pro hac vice*)
Tron Fu (admitted *pro hac vice*)
Katherine H. Johnson (admitted *pro hac vice*)
jnuttall@steptoe.com
mdocketerman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez (admitted *pro hac vice*)
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

4

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on November 12, 2021.

*/s/ James R. Nuttall*
James R. Nuttall

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC., <br><br>    Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> EXPRESS MOBILE, INC., <br><br>    Defendant and Counterclaim Plaintiff. | Case No. 19-439-RGA |

**SHOPIFY'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 3**

Express Mobile claims Mr. Rempell's car accident is relevant to damages. It is not. What is relevant to damages are the undisputed facts that Express Mobile does not sell embodying products and is not an operating company. **Why** this is the case is irrelevant. Indeed, even if Express Mobile's argument that Mr. Rempell's accident was to blame had evidentiary support, its minimal probative value is far outweighed by the danger of unfair prejudice arising from juror sympathies. The Court should therefore exclude this evidence and preclude both parties from discussing alleged reasons *why* Express Mobile is a non-practicing entity without any commercial sales, including Mr. Rempell's car accident.[1]

Express Mobile points to deposition testimony that allegedly supports its assertion that Express Mobile's commercial shortcomings were caused by Mr. Rempell's accident. But this testimony is unsupported by any documentary evidence. And in any event, this is precisely the kind of irrelevant testimony that would unfairly foster sympathy for Mr. Rempell, without any corresponding probative value.

Granting Shopify's motion would not, as Express Mobile suggests, leave Shopify "unchecked" in its alleged "efforts to disparage" Express Mobile. Shopify will do no such thing at trial, and recognizing the (relevant) fact that Express Mobile does not sell embodying products is no reason to permit the introduction of confusing, irrelevant, and unfairly prejudicial testimony about Mr. Rempell's accident.[2]

---

[1] Consistent with such an order, Shopify agrees that its experts would not opine that Express Mobile's lack of commercial success reflects a low value of the patents. They will, however, opine that Express Mobile's status as a non-practicing entity is relevant to the commercial relationship between the parties, which is relevant to the calculation of a reasonable royalty.

[2] Also consistent with an order granting this motion, Shopify would also agree not to introduce evidence of the personal injury suit at trial.

Dated:  November 19, 2021

OF COUNSEL:
Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Annie A. Lee
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
alee@durietangri.com

Whitney R. O'Byrne
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
Tel: (213) 992-4499
wobyrne@durietangri.com

By: */s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs and Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

2

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on December 10, 2021 on the following counsel in the manner indicated:

**VIA EMAIL**
Timothy Devlin
Robert Kiddie
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
rkiddie@devlinlawfirm.com

Christopher Suarez
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131
csuarez@steptoe.com

James R. Nuttel
Michael Dockterman
Robert F. Kappers
Tron Fu
Katherine H. Johnson
STEPTOE & JOHNSON LLP
115 South La Salle Street, Ste. 3100
Chicago, IL 60603
(312) 577-1254
jnuttal@steptoe.com
mdockterman@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com

*Attorneys for Express Mobile, Inc.*

Dated:  December 10, 2021         */s/ Daniel M. Silver*
                                  Daniel M. Silver (#4758)

ME1 38627185v.1