

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

June 10, 2022

**VIA CM/ECF**

The Honorable Richard G. Andrews
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington DE 19801-3555

>   Re:   *Shopify Inc., et al. v. Express Mobile, Inc.*, C.A. No. 19-cv-439 (RGA)
>         Further Comments Re: Shopify Proffers of Messrs. Bateman and Arner

Dear Judge Andrews:

Express Mobile respectfully submits this response to Shopify's Reply submissions of June 3, 2022 regarding the testimony of Mr. Bateman and Dr. Arner (D.I. 394 and 395). Express Mobile submits this short letter because Shopify's 165 pages of reply submissions raised several new arguments, including approximately 25 pages of new legal arguments that could not have been anticipated or addressed in Express Mobile's objections. Express Mobile therefore submits this short response to address various new arguments and mischaracterizations made by Shopify in its reply.

### I.   Mr. Bateman Should Be Excluded From Testifying

For Mr. Bateman, Shopify's reply begins with a 15-page legal brief before it addresses Express Mobile's paragraph-by-paragraph objections to Shopify's proffer. Shopify's "brief" is not a proffer of evidence, is improper and should be disregarded.[1] Shopify's response confirms that Mr. Bateman's proffered testimony did not lay an adequate foundation for Mr. Bateman to testify about BlackBerry MDS Studio Version 4.1, as Mr. Bateman was not sure about what version of BlackBerry MDS Studio he worked on and numerous BlackBerry MDS Studio

---

[1] Shopify's submission of 25 pages of legal argument as part of a proffer of evidence is consistent with its repeated attempts to reargue issues and pursue excessive and improper filings in this case. *See e.g.*, D.I. 388 (Oral Order rejecting Shopify's request to file excessive summary judgment briefing); D.I. 269 at 17-18 (transcript wherein Court declines, for the third time, to require production of underlying settlement communications); D.I. 238 (letter requesting underlying settlement negotiations again despite noting that the issue had previously been denied) and 12/14/2020 minute entry denying same.

The Honorable Richard G. Andrews
June 10, 2022
Page 2

documents at issue are Copyright 2007—more than a year after Mr. Bateman left BlackBerry. Shopify does not dispute that it intends to rely significantly on BlackBerry MDS Studio documents dated 2007 with Mr. Schmandt at trial. *E.g.*, D.I. 395 at 5 (admitting "document was 'last updated' in 2007"); Schmandt Opening, ¶ 1016 (acknowledging several "last modified" dates of BlackBerry MDS Studio documents in 2007). Shopify also admits that other documents produced from the Internet Archive were archived a month after Mr. Bateman departed RIM. D.I. 395 at 5. Ultimately, Shopify's attempts to raise new arguments to lay a foundation for Mr. Bateman's testimony are without merit. As the Court previously explained, Mr. Bateman is "not terribly important because the question, generally speaking, for these things that's important is what does a person of ordinary skill understand from whatever the piece of prior art is. And if the person who was working on it has some different understanding, it really doesn't matter." D.I. 395-1 at 11.

Shopify also does not dispute that much, if not all, of Mr. Bateman's proffered testimony is an attempt to gap-fill missing expert testimony from Mr. Schmandt using Mr. Bateman's supposed recall from memory of work more than 15 years ago. Shopify does not dispute that it attempts to qualify Mr. Bateman as a POSA, and that it is attempting to use him to rebut Dr. Almeroth's expert testimony. D.I. 395 at 22 (Shopify reply to paragraph 4, arguing that Mr. Bateman's testimony is relevant to the "credibility of expert testimony"). Moreover, Shopify repeated in its proffer reply *fifteen* times that "MDS Studio is a *system* reference. Mr. Bateman is testifying about that system. Mr. Bateman's testimony *is* 'the disclosures of the prior art reference.'" D.I. 395 at 9; *id.* at 26, 38, 39, 41, 43, 44, 46, 47, 49, 51, 53, 54, 57, 59, and 63 (Bateman proffer reply paragraphs 7, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, and 37, wherein Shopify repeats the statement that "[t]here is no requirement that documents 'support' any particular description of MDS Studio. Shopify is relying on a *system* as prior art, not a printed publication").[2] Thus, despite Mr. Bateman's tenuous connection to BlackBerry MDS Studio Version 4.1, Mr. Bateman is being used to expand the scope of the BlackBerry MDS Studio system beyond the documents of record and Mr. Schmandt's expert testimony to gap-fill alleged teachings of the "system." For example, Mr. Bateman proffers new testimony about what BlackBerry MDS Studio "could have" done beyond its disclosures, including testimony about additional "Runtime Environments" that are not referenced in Mr. Schmandt's expert reports. *See, e.g.*, D.I. 395 at 46-48 (Bateman proffer paragraph 27 about what MDS Studio "could have" done), 58-60 (Bateman proffer paragraph 33 about different alleged BlackBerry MDS "Runtime Environments"). Thus, Shopify's reply admits that Shopify intends to use untimely undisclosed testimony about alleged features of a prior art system that is not disclosed in any document and is not disclosed in their own expert reports. Such testimony would be extremely prejudicial and improper and should be excluded.

---

[2] The decades-old case law that Shopify cites does not stand for the proposition that Mr. Bateman can give freewheeling testimony that is not corroborated by any documents. It simply indicates that inventor testimony can be used to corroborate conception dates or prior inventorship. *See Knorr v. Pearson*, 671 F.2d 1368, 1373 (C.C.P.A. 1982); *Sandt Tech., Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1350-51 (Fed. Cir. 2001).

Finally, to the extent that Shopify is not gap-filling, most of the remaining proffered testimony is cumulative to material that is already in Mr. Schmandt's report.[3]  *See* D.I. 395 at 15-16.  Shopify does not dispute this; it simply urges that the cumulative nature of Mr. Bateman's testimony should not be a basis to exclude his testimony now, and suggests that it will not present "needlessly cumulative" testimony.  *See id.*  The standard is not needlessly cumulative and Shopify should not be the one deciding if its untimely disclosed testimony is cumulative or not.  Furthermore, the problems with Mr. Bateman's testimony extend far beyond its cumulativeness as discussed above and in Express Mobile's objections and responses, and the cumulative nature of the testimony is simply another basis for its exclusion.

## II.    Dr. Arner Should Be Excluded By Testifying

For Dr. Arner, Shopify's reply submission begins with another 10-page legal brief before it addresses Express Mobile's paragraph-by-paragraph objections to Shopify's proffer.  Shopify's response confirms that Dr. Arner's proffered testimony is largely an attempt to gap-fill missing expert testimony about the Arner Patent Application that was not addressed by Mr. Schmandt.  Shopify does not dispute that it attempts to qualify Dr. Arner as a POSA using the exact POSA definition provided by Mr. Schmandt.  D.I. 394 at 15 (Shopify reply to paragraph 6, arguing that Dr. Arner's testimony is relevant to the "credibility of expert testimony").  Then, it admits that it is trying to use Dr. Arner to reinterpret and change the literal meaning of the words in the Arner Patent Application.  *See, e.g.*, D.I. 394 at 18-19 (Shopify proffer reply at paragraphs 11, stating that "Dr. Arner's testimony as to the meaning of words in his patent application is proper fact witness testimony").  Such inventor testimony that interprets the meaning of a patent document has been held by the Federal Circuit as being irrelevant to the meaning of a patent's scope.  *See Howmedica Osteonics Corp. v. Wright Medical Tec., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008).  To the extent relevant, moreover, it is only pertinent "as a form of ***expert testimony,***" which is improper here because Dr. Arner was never disclosed as an expert.  *Id.* at 1347 n.5 (emphasis added).

Shopify's reply confirms that Shopify will use Dr. Arner as an undisclosed alleged expert.  For example, Shopify admits that Dr. Arner is attempting to render expert testimony about the potential "adaptability" of the RoamData platform, and attempts to justify the improper expert testimony by stating that Dr. Arner rendered similar testimony at depositions.  *See* D.I. 394 at 31 (Reply noting that "Dr Arner's proposed testimony of adapting the disclosures in the Arner reference is drawn from Dr. Arner's deposition").  But the fact that Dr. Arner gave such testimony in deposition does not negate that it is improper expert testimony from a fact witness (much less that it was never disclosed and he was untimely identified as a witness).  As this Court has already explained (and as Shopify never addressed in its 89-page reply submission),

---

[3] Contrary to Shopify's assertion, the fact that some of Mr. Bateman's proffered testimony is cumulative to the documents and Mr. Schmandt and some is untimely undisclosed testimony does not make Express Mobile's arguments inconsistent.  It means that Shopify has proffered testimony, some of which should be excluded because it is cumulative and some testimony should be excluded because it is untimely, undisclosed, and/or improper expert testimony.

The Honorable Richard G. Andrews
June 10, 2022
Page 4

the "patent is whatever the patent is" and Dr. Arner "talking about it doesn't make it something else." D.I. 342 (PTC Hearing Tr.) at 23; *see generally* D.I. 389. In other instances, Shopify implicitly admits that attempting to backfill invalidity expert testimony through Dr. Arner. Specifically, when called out on various "attempt[s] to use [Dr. Arner's] testimony to expand its discussion of the Arner reference beyond any discussion that appears in Mr. Schmandt's expert reports," it attempts to justify the testimony by suggesting that the theories that are not disclosed in Mr. Schmandt's reports were nonetheless present in its invalidity contentions. *See, e.g.*, D.I. 394 at 43-45 (Shopify reply to paragraph 33, justifying new and undisclosed invalidity theory in expert reports by attempting to assert that "Shopify disclosed this aspect of the Arner reference in its invalidity contentions"); *see also* D.I. 394 at 46-48, 48-49, 63-65, and 77-79 (pointing to invalidity contentions as purported justification for Dr. Arner's new invalidity theories in reference to Arner proffer paragraphs 34, 35, 49, and 60).[4] In another instance, Shopify does not even attempt to justify Dr. Arner's proffered expert testimony by reference to Dr. Schmandt or its invalidity contentions, but transparently admits that is offering the testimony to rebut Dr. Almeroth's testimony *from another case*. *See* D.I. 394 at 59-61 (Shopify proffer paragraph 47 reply). It also repeatedly admits that Dr. Arner's proffer applies claim language to Arner's disclosure, as an expert would do, but suggests that the testimony would be appropriate if Dr. Arner simply tweaked his language. *See* D.I. 394 at 65-67, 70-71 (Shopify proffer paragraphs 50 and 54 replies). Shopify's never ending excuses and belated attempts to justify Dr. Arner's admittedly untimely, improper and undisclosed expert testimony should not be permitted, and only reinforce that Dr. Arner should not be permitted to testify.

Finally, to the extent that Shopify is not gap-filling or reinterpreting the reference using Dr. Arner's testimony, Shopify repeatedly admits that Dr. Arner's testimony is cumulative to what is already disclosed in the Arner reference. D.I. 394 at 18, 24, 29, 30, 32, 34, 44, 45, 47, 54, 56, 58, 60, 62, 63, 72, 78, 81, and 83 (Shopify reply admitting that "Dr. Arner's proposed testimony is disclosed in the Arner reference" with respect to Arner proffer paragraphs 10, 16, 19, 20, 21, 23, 32, 34, 35, 42, 43, 46, 47, 48, 49, 55, 60, 62, and 64). Such cumulative testimony is unnecessary, irrelevant and reinforces that Dr. Arner's testimony should be excluded.

    **III.**    **Shopify's References To Express Mobile's Inventor Testimony Are Improper And Irrelevant Here**

For the first time, Shopify's reply makes numerous misleading and irrelevant statements regarding Express Mobile's possible inventor testimony in an apparent effort to distract the Court from the problems with Messrs. Bateman and Arner recited above. *See* D.I. 395 at 13, 19-20. Shopify disclosed these witnesses as relevant witnesses in the case from day one, including them in their initial disclosures dated May 29, 2019. Express Mobile included witnesses

---

[4] Express Mobile disagrees that the new arguments and theories in these proffer paragraphs were disclosed in the contentions. Even if some alleged theory was disclosed in a contention but not included or disclosed in Shopify's expert reports, it is irrelevant and improper. As the Court noted, Shopify's expert, Mr. Schmandt, "opines whatever this patent is" and Mr. Arner cannot "make it something else." D.I. 342 (PTC Hearing Tr.) at 22-23.

The Honorable Richard G. Andrews
June 10, 2022
Page 5

disclosed on Shopify's initial disclosures in its initial disclosures. Shopify subpoenaed and deposed both Messrs. Chrobak and Brown. Shopify did not object to any of these witnesses in connection with the proposed pretrial order submitted to the Court on December 10, 2021. *See* D.I. 324-11 at 3-5 (declining to object to testimony of any of Messrs. Rempell, Chrobak, or Brown based on timeliness or any other reasons).[5] Nonetheless, the reply references Steve Rempell, Ken Brown, and David Chrobak as possible testifiers for Express Mobile, and notes that "[n]one of these people were designated as experts" and "[n]one can speak to Shopify's infringement." D.I. 395 at 13. Express Mobile agrees that Express Mobile's inventors will not offer expert testimony or testify about Shopify's infringement. Unlike the inventors, Mr. Bateman's and Dr. Arner's proffers, confirmed that Messrs. Bateman and Arner will attempt to furnish expert testimony from the perspective of the POSA and will speak to the asserted patents' alleged invalidity.

The Court should reject Shopify's improper attempt to connect Express Mobile's inventors to the improper prior artist testimony that Shopify seeks.

\* \* \*

Express Mobile respectfully requests that the Court exclude Messrs. Bateman and Arner from testifying at trial.

Respectfully submitted,

Timothy Devlin (No. 4241)

cc: Clerk of the Court (via CM/ECF)
     Counsel of Record (via CM/ECF)

---

[5] Mr. Chrobak was not designated as a live witness and Shopify's assertion that he was is simply incorrect. Express Mobile designated Mr. Chrobak as a witness that Express Mobile would designate deposition testimony from. *See* D.I. 324-10 (Ex. 9, Express Mobile's witness list).