# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHOPIFY INC. AND SHOPIFY (USA), INC., )
)
       Plaintiffs/Counterclaim Defendants, )
)
               v. )     Civil Action No. 19-439-RGA
)
EXPRESS MOBILE, INC., )
)
       Defendant/Counterclaim Plaintiff. )
)

## [PROPOSED] JOINT PRETRIAL ORDER

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Adam R. Brausa
Daralyn J. Durie
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
ddurie@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
Robert Kiddie
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:

James R. Nuttall
Michael Dockterman
John L. Abramic
Robert F. Kappers
Tron Fu
Katherine H. Johnson
jnuttall@steptoe.com
mdocketerman@steptoe.com
jabramic@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

*Attorneys for Plaintiffs and Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

Christopher A. Suarez
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*

## TABLE OF CONTENTS

I.    NATURE OF THE CASE AND THE PLEADINGS.............................................................1

      A.    Statement Regarding the Scope of the Issues to be Tried.........................................7

II.   JURISDICTION ...........................................................................................................8

III.  JOINT STATEMENT OF ADMITTED FACTS .............................................................8

IV.   STATEMENT OF THE FACTS WHICH REMAIN TO BE LITIGATED.......................8

V.    STATEMENT OF THE ISSUES OF LAW WHICH REMAIN TO BE LITIGATED .......8

VI.   PARTIES' TRIAL EXHIBITS .......................................................................................9

      A.    Stipulations Concerning Trial Exhibits.....................................................................9

      B.    Procedures for the Disclosure of Trial Exhibits and Demonstrative Exhibits .......12

VII.  TRIAL WITNESSES ..................................................................................................13

      A.    List of Witnesses to be Called ...............................................................................13

      B.    Testimony by Deposition........................................................................................15

VIII. PARTIES' BRIEF STATEMENT OF INTENDED PROOFS .........................................17

      A.    Express Mobile's Statement ..................................................................................17

      B.    Shopify's Statement...............................................................................................17

IX.   AMENDMENTS TO PLEADING ................................................................................18

X.    MOTIONS IN LIMINE ...............................................................................................18

XI.   CERTIFICATION OF GOOD FAITH SETTLEMENT EFFORTS ..................................18

XII.  OTHER MATTERS......................................................................................................18

      A.    Jury Trial................................................................................................................18

      B.    Witness Sequestration ............................................................................................18

      C.    Length of Trial .......................................................................................................19

      D.    The Parties .............................................................................................................19

      E.    Order of Presentation .............................................................................................19

F.      Handling of Confidential Information at Trial.......................................................20

G.      Updates to Proposed Pretrial Order ......................................................................21

## I.     NATURE OF THE CASE AND THE PLEADINGS

1.      This is a patent infringement case. This case originally arose from a declaratory judgment complaint (D.I. 1) filed on March 1, 2019 by Shopify Inc. and Shopify (USA), Inc. ("Shopify") against Express Mobile, Inc. ("Express Mobile") which sought a declaration of non-infringement of U.S. Patent Nos. 6,546,397 ("the '397 patent"), 7,594,168 ("the '168 patent"), 9,063,755 ("the '755 patent"), and 9,471,287 ("the '287 patent").

2.      On March 25, 2019, Express Mobile filed its Answer, Affirmative Defenses and Counterclaims (D.I. 6) which alleged infringement of the '397 patent, the '168 patent, the '755 patent, and the '287 patent.  On April 15, 2019, Shopify filed its Answer to Express Mobile's Counterclaims (D.I. 10).

3.      On September 23, 2019, Express Mobile filed its First Amended Answer, Affirmative Defenses and Counterclaims (D.I. 34) which alleged infringement of the '397 patent, the '168 patent, the '755 patent, the '287 patent, and U.S. Patent No. 9,928,044 (collectively the "Asserted Patents").  On October 7, 2019, Shopify filed its Answer to Express Mobile's Amended Counterclaims (D.I. 35).

4.      Both Express Mobile and Shopify demanded a jury trial on all issues triable by a jury.

5.      Express Mobile's Counterclaims asserted infringement of claims 1, 2, and 37 of the '397 patent;  claim 1 of the '168 patent; claims 1 and 12 of the '755 patent; and claims 1 and 15 of the '287 patent.  Express Mobile's Amended Counterclaims asserted infringement of claims 1, 2, and 37 of the '397 patent;  claim 1 of the '168 patent; claims 1 and 12 of the '755 patent; claims 1 and 15 of the '287 patent; and claim 1 and 15 of the '044 patent.

6.      Express Mobile later identified the asserted claims as at least claims 1, 2, 3, 11,

and 37 of the '397 patent; at least claims 1, 2, and 3 of the '168 patent; at least claims 1, 12, and

22 of the '755 patent; at least claims 1 and 13 of the '287 patent; and at least claims 1, 17, and 19

of the '044 patent.

   7.  The '397 and '168 patents relate to a web browser-based build tool, which allows

a user to build a website.  The '397 and '168 patents describe an architecture that includes a run

time generation procedure and a database with user selected settings.  These patents also describe

a WYSIWYG (what you see is what you get) website building process, where the web designer

is able to see how the website will appear as the design process progresses.

   8.  The '755, '287, and '044 patents relate to a system that allows for the display of

web service content on a device.  The system includes a database of web services obtainable over

a network and an authoring tool that defines an object for presentation on the display.  The '755,

'287, and '044 patents describe the use of symbolic names that are related to inputs and outputs

of web services and can be associated with user interface objects displayed on the device.  The

system also includes code to be sent to the device, including an application and a player.

   9.  The Honorable Judge Richard G. Andrews held a claim construction hearing on

May 20, 2020 and issued a Claim Construction Memorandum and Order on June 23, 2020 (D.I.

137).  The Court entered the Joint Order on Claim Construction on June 30, 2020 (D. I. 142).

   10.  On November 25, 2020, the parties filed Summary Judgment and *Daubert*

motions.  Express Mobile moved for Summary Judgment of no invalidity under 35 U.S.C. §§

101, 102 and 112.  Express Mobile moved to exclude certain expert testimony from Shopify's

damages expert and technical experts.  Shopify moved for Summary Judgment of non-

infringement of the asserted patents relating to certain claim limitations.  Shopify also moved for

Summary Judgment that certain terms were invalid for lack of written description.  Shopify also

moved for Summary Judgment of no willful infringement.  Shopify moved to exclude certain expert testimony from Express Mobile's damages expert and technical expert.

11.     The Honorable Judge Richard G. Andrews held a hearing on the Summary Judgment and *Daubert* briefing on May 12, 2021. A Memorandum Opinion and corresponding Order were issued on September 21, 2021 (D.I. 297 and 298).

12.     Pending motions or issues for the Court to resolve are: (1) Express Mobile's request to exclude the testimony of Messrs. Bateman and Arner (D.I. 386, 387, 391-393, 394, 395, 396); and (2) whether and how marking pursuant to 35 U.S.C. § 287 should be presented to the jury.

13.     Regarding the marking issue, the parties' positions are as follows:

**<u>Express Mobile's Position:</u>**  Express Mobile submits that Shopify has not met its burden of production under *Arctic Cat*. Shopify's recent disclosure of three allegedly unmarked products is untimely and insufficient.  *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 424 (E.D. Va. 2021) (applying *Arctic Cat* and finding that identification of unmarked product for the first time at summary judgment did not "trigger" the patentee's "obligation to produce admissible counter evidence" that the identified products was properly marked or did not embody the patent); *Freeny v. Fossil Grp, Inc.,* No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3 (E.D. Tex. July 24, 2019) (applying *Arctic Cat* and finding that accused infringer did not timely meet burden of production by identifying allegedly unmarked products in rebuttal expert report).  This issue was not previously before the Court, and because Shopify's disclosure was untimely and never raised during fact or expert discovery, Express Mobile had no opportunity to respond during discovery in this case and would be severely prejudiced if Shopify were permitted to raise new untimely disclosed allegedly unmarked products at trial.

*Biedermann,* 528 F. Supp. 3d at 424*; Freeny,* 2019 WL 8688587, at *3.  For example, Express

Mobile had no opportunity to serve third party subpoenas or submit expert discovery analyzing

the claims as applied to the three late-identified products.  Because Shopify failed to timely

identify these products and Express Mobile had no opportunity to take third party discovery or

submit expert declarations Shopify's disclosures are untimely, improper and does not meet

Shopify's burden under *Arctic Cat.*[1]  *Freeny, 2019 WL 8688587, at *3.*  ("Had [accused

infringer] put the [patentee] on notice of its marking contentions, the [patentee] could have

developed the factual evidence and expert opinion needed to carry its burden of proof at trial.

The rules do not countenance trial by ambush. Accordingly, the Court finds that [accused

infringer] has not satisfied its burden of production.").

Although Shopify's alleged disclosures were untimely and therefore improper and

insufficient, Express Mobile's supplemental interrogatory answer nevertheless responded to

Shopify's late disclosed products and cited the limited evidence of record available relating to

those products, which shows that these products do not embody the asserted claims as construed

by the Court and Shopify fails to establish otherwise.[2] Express Mobile cited evidence showing

that none of these products were ever accused of infringing the '755 or '044 patents.  Shopify

---

[1] Express Mobile did not understand the Court's statement on January 28, 2022 that Express Mobile may "have two weeks to supplement any answer to its interrogatories or otherwise respond" and "supplement any answer to its interrogatories or otherwise disclose any evidence that it has met its marking obligations with respect to those three products" to be a reopening of all fact and expert discovery.  Contrary to Shopify's self-serving statement now that this meant all fact and expert discovery was reopened, third party subpoenas and expert reports were not discussed or possible in two weeks. Express Mobile therefore supplemented its interrogatory answer in response to Shopify's supplemental interrogatory, specifically objected to it as untimely citing the lack of third party and expert discovery, and cited to evidence in the record showing that the identified allegedly unmarked products do not practice the asserted claims. Neither party ever asserted, much less took, third-party or expert discovery related to the three products Shopify late-identified as allegedly unmarked and embodying products.

[2] Express Mobile submitted evidence and Shopify admits that Express Mobile did not make any allegedly unmarked products.  Instead Shopify identified for the first time three third party products that were allegedly unmarked.

erroneously asserts that Alibaba was accused of infringing the '755 patent based on draft, internal-only claim charts relating to the '755 patent that are missing numerous entire claim elements.  None of the asserted patents in this case were ever asserted in the Alibaba case, and there is no evidence that the Alibaba product should have been marked.  The other two late-identified products were accused of infringing only the '287 patent and there is no evidence that any unmarked product is covered by the claims of the '755 or '044 patents.  Furthermore, the alleged infringement of the '287 patent was before any fact, expert or claim construction discovery and prior to this Court's claim construction order that construed terms such as Application, Player, device-dependent code, data format class type and other terms.  Express Mobile cited to the limited evidence available showing these products do not meet the asserted claims as construed by the Court.

Express Mobile submits Shopify should not be permitted to present a marking defense, because, as the Court already found, Shopify did not timely meet its burden of production and it will be highly prejudicial and confusing to allow Shopify to belatedly raise this issue based on incomplete, incorrect, and/or misleading information.  To the extent the Court allows Shopify to raise this issue at all, Shopify should be strictly limited only to the three allegedly unmarked products and the specific documents it raised in its untimely supplemental interrogatory answer. Express Mobile requests that the Court provide guidance on this issue to simplify and clarify the presentation of evidence at trial.

**Shopify's Position:**  Shopify submits that the Court already resolved the issue of the timeliness of Shopify's identification of embodying, unmarked products, when it permitted Shopify to supplement its interrogatory responses to identify three such products.  Jan. 28, 2022 Hr. Tr. at 6. Pursuant to the Court's ruling, Shopify served supplemental interrogatory responses on February

4, 2022.  Shopify's interrogatory response identified three specific products that Shopify contends gave rise to marking obligations for Express Mobile under 35 U.S.C. § 287 for all three of the Asserted Patents that were not marked are:  (1) Volusion's eCommerce Website Solution product, (2) Kibo's Mozu Platform product, and (3) Alibaba's Minisite product.  Nothing more is required to satisfy Shopify's initial burden of production.  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("We hold an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287.  To be clear, this is a low bar.").  After Shopify identified these three unmarked products, the burden shifted to Express Mobile to show that these products do not embody any of the Asserted Patents.  *Id.* at 1369 ("BRP shouldered only a burden of production to identify unmarked products that it alleges should have been marked.  It was Arctic Cat's burden to prove those products – once identified – do not practice the patent-at-issue.").  Express Mobile failed to do so, and has never suggested that it took reasonable steps to ensure that its licensees selling the identified products were marking them with Express Mobile's patents.  Moreover, Express Mobile did not take any additional discovery, despite the Court's explicit permission to do so.[3]  *Id.* at 7.  Express Mobile therefore cannot, as a matter of law, meet its burden to show compliance with 35 U.S.C. § 287.[4]  *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("Lubby presented no

---

[3] Express Mobile's assertion that it did not understand the Court to be permitting additional discovery on this issue is at odds with the Court's instructions provided on January 28, 2022.  At a minimum, Express Mobile could have sought clarification or asked Shopify whether it would consent to additional discovery.  Express Mobile did neither.

[4] Express Mobile notes that for two of the products, only the '287 patent was asserted in litigation, and for the third, the '755 patent was not formally asserted.  This is irrelevant to the question of whether Shopify satisfied its initial burden of production under *Arctic Cat,* 876 F.3d at 1368.  Shopify identified three specific products and contends they should have been marked with all three of the patents-in-suit.  This shifted the burden to Express Mobile.  *Id.* at 1369.

evidence that the identified product did not practice the patent or that it marked the products it actually sold and thus failed to establish that it marked the products as required by § 287. It can recover damages only for the period that it provided actual notice to Mr. Chung."). Therefore, Express Mobile should be precluded from presenting any evidence or argument at trial of pre-notice damages.

### A. Statement Regarding the Scope of the Issues to be Tried

14.     The jury trial will address Express Mobile's claims[5] that Shopify infringes certain asserted claims of the '755, '287, and '044 patents—specifically claims 1, 12, and 22 of the '755 patent; claims 1 and 13 of the '287 patent; and claims 1, 17, and 19 of the '044 patent (collectively "the asserted patents")—and that Express Mobile is entitled to damages in the amount of no less than a reasonable royalty for Shopify's infringement. Express Mobile seeks its costs and reasonable attorneys' fees as provided by 35 U.S.C. §§ 284 and 285. Express Mobile is entitled to post-judgment and pre-judgment interest from the first date of Shopify's infringement.

15.     The jury trial will also address Shopify's affirmative defenses and counterclaims to the claims. Specifically: a) Shopify does not infringe any of the asserted claims; b) the asserted claims are invalid under 35 U.S.C. § 112 and § 103, in view of the remaining prior art grounds[6]; c) Express Mobile is entitled to no damages; and d) Shopify is entitled to its costs and reasonable attorneys' fees as provided by 35 U.S.C. §§ 284 and 285.

---

[5] For purposes of clarity in this order, the parties refer to declaratory judgment defendant Express Mobile's contentions of infringement as the "claims" and declaratory judgment plaintiff Shopify's responses as "counterclaims" and "defenses."

[6] The remaining prior art includes the Blackberry MDS Studio Version 4.1 ("BlackBerry MDS Studio"), U.S. Patent Application Publication No. 2009/0013310 ("Arner"), U.S. Patent Application Publication No. 2007/0118844 ("Huang"), U.S. Patent Application Publication No. 2004/0243931 A1 ("Stevens"), and U.S. Patent No. 8,667,415 ("Rudolph").

## II.  JURISDICTION

16.    This action arose under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202,

and under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

17.    The Counterclaims for patent infringement arose under the Patent Laws of the

United States, Title 35 of the United States Code.

18.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 1338(a),

2201, and 2202.  No party contests personal or subject matter jurisdiction.

19.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)–(c) and §1400(b).

## III.  JOINT STATEMENT OF ADMITTED FACTS

20.    The parties' Joint Statement of Undisputed Facts is attached as **Exhibit 1**.

## IV.  STATEMENT OF THE FACTS WHICH REMAIN TO BE LITIGATED

21.    Express Mobile's statement of facts that remain to be litigated is attached as

**Exhibit 2**.

22.    Shopify's statement of facts that remain to be litigated is attached as **Exhibit 3**.

23.    The parties reserve the right to modify or supplement their statements of facts that

remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions

or subsequent orders of the Court or by agreement of the parties.

## V.  STATEMENT OF THE ISSUES OF LAW WHICH REMAIN TO BE LITIGATED

24.    Express Mobile's statement of issues of law that remain to be litigated is attached

as **Exhibit 4**.

25.    Shopify's statement of issues of law that remain to be litigated is attached as

**Exhibit 5**.

26.    The parties reserve the right to modify or supplement their statements of issues of

law that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## VI.   PARTIES' TRIAL EXHIBITS

27.     The parties' list of joint exhibits is attached as **Exhibit 6**.

28.     Express Mobile's list of exhibits it may offer at trial, including Shopify's objections, is attached as **Exhibit 7**.  The parties recently exchanged supplemental exhibit lists but have not yet exchanged objections; Exhibit 7 includes the additional exhibits Express Mobile added to its exhibit list, but not Shopify's objections to those exhibits.  A list of Shopify's objection codes is attached as **Exhibit 7A**.

29.     Shopify's list of exhibits it may offer at trial, including Express Mobile's objections, is attached as **Exhibit 8**.  The parties recently exchanged supplemental exhibit lists but have not yet exchanged objections; Exhibit 8 includes the additional exhibits Shopify added to its exhibit list, but not Express Mobile's objections to those exhibits.  A list of Express Mobile's objection codes is attached as **Exhibit 8A**.

30.     The parties reserve the right to modify or supplement their trial exhibits lists to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

### A.  Stipulations Concerning Trial Exhibits

31.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence.

32.     Each exhibit list contains all of the exhibits that a party intends to introduce into evidence at trial other than exhibits used solely for impeachment.  Exhibits not listed on a party's

9

exhibit list or on the opposing party's exhibit list will not be admitted into evidence unless good cause is shown.

33.     Neither party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

34.     Any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document or any other listed document.

35.     The parties will meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

36.      Each party shall provide ongoing access to preview links for any test Shopify storefronts created and relied upon by their respective technical experts, including https://nigelsshop.myshopify.com and https://schmandts-shop.myshopify.com/, through the conclusion of trial.

37.     Legible copies of exhibits may be offered into evidence in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the copy. Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The parties will exchange replacement versions and/or native versions of exhibits prior to use in trial.

38.     Demonstrative exhibits do not need to be included on the parties' respective trial exhibit lists. For purposes of this Pretrial Order, the term "demonstrative exhibits" does not

include: (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, or ballooning of a trial exhibit (or parts of a trial exhibit) or a transcript of testimony.

39.    Joint trial exhibits will be identified with JTX numbers, starting with JTX-0001.

40.    Express Mobile's trial exhibits will be identified with PTX numbers, starting with PTX-0001. Express Mobile's demonstrative trial exhibits will be identified with PDX, starting with PDX-001.

41.    Shopify's trial exhibits will be identified with DTX numbers, starting with DTX-001. Shopify's demonstrative trial exhibits will be identified with DDX, starting with DDX-001.

42.    Any trial exhibit that was produced in discovery in this litigation by a party to this litigation or Ken Brown and that on its face appears to have been authored by an employee, officer, or agent of the producing party, shall be deemed a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901, with no need for additional proof of authenticity at trial provided that the trial exhibit appear to be unaltered from the condition in which the document was produced by the producing party.

43.    The parties further agree that, for purposes of Rule 901 of the Federal Rules of Evidence, they will not object on authenticity or foundation grounds to any document on either party's exhibit list produced by Blackberry; or obtained from the Internet Archive's Wayback Machine or the World Wide Web Consortium (W3C), which the parties agree are true and correct copies of what they purport to be.  The parties further agree not to object on hearsay grounds to those documents, which the parties agree are business records under Rule 803(6) of the Federal Rules of Evidence.

44.     Paragraph 42 does not prohibit the parties from objecting to the admission of any document or thing on any other grounds, and it is agreed that the parties reserve all rights to object to the admission of any exhibit on grounds other than authenticity and the business record exception to hearsay, including that nothing prohibits the parties from objecting to the admission of any document stipulated herein as a "business record" that itself contains hearsay (e.g., double hearsay).  The party that proffers such exhibit bears the burden to establish admissibility of the objectionable double hearsay.

45.     The parties will meet and confer in a further effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention.  On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

46.     No exhibit will be admitted into evidence unless offered through a witness. Except as provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

**B.  Procedures for the Disclosure of Trial Exhibits and Demonstrative Exhibits**

47.     A party will provide, together with its identification of a witness to be called (as provided in section VII below) a list of trial exhibits to be used in connection with a direct examination of that witness by 7:00 p.m. E.T. 2 calendar days before their intended use (by way of example, for a witness that a party intends to call at any time on Monday, August 22, 2022, the party shall provide its list of direct examination exhibits by 7:00 p.m. E.T. on Saturday, August 20, 2022).  Any objections by the opposing party will be provided no later than 9:00 p.m. E.T. the same day. The parties shall meet and confer by 10:00 p.m. E.T. that same day to resolve any objections to the exhibits. If good faith efforts to resolve the objections fail, the party

objecting to the exhibits shall bring its objections to the Court's attention the following morning (1 day before use). The parties also agree to provide opposing counsel with one set of all exhibits to be used in direct and/or cross examination at the time of that examination.

48.     A party shall provide a color PDF or PowerPoint copy, or for videos or animations an appropriate video format, of demonstrative exhibits to be used in connection with a direct examination by 7:00 p.m. E.T. 1 calendar day before their intended use (by way of example, for a witness that a party intends to call at any time on Monday, August 22, 2022, the party shall provide its demonstrative exhibits by 7:00 p.m. E.T. on Sunday, August 21, 2022). To the extent any demonstrative includes code, the party must disclose the source, filename, and specific lines of code set forth on the demonstrative.  Objections to any such demonstrative exhibits shall be made by 9:00 p.m. E.T. that same day. The parties will meet and confer on any objections by 10:00 p.m. E.T. that same day.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention the following morning).

49.     With respect to opening statements, the parties shall identify any evidence (e.g., trial exhibits or designated deposition testimony, discussed below) and demonstrative exhibits they intend to use by 12:00 p.m. E.T. on Sunday, August 21, 2022. The parties shall make objections, if any, to the evidence disclosed by 5:00 p.m. E.T. that day and shall promptly meet and confer on any such objections. The parties are not obligated to exchange evidence and demonstrative exhibits they intend to use as part of closing statements.

## VII.    TRIAL WITNESSES

### A.  List of Witnesses to be Called

50.     The witnesses that Express Mobile will or may call in person or by deposition at trial, together with Shopify's objections, are attached as **Exhibit 9**.  Shopify's objections to

Express Mobile's witness list are attached as Exhibit 9A.

51.     The witnesses that Shopify will or may call in person or by deposition at trial, together with Express Mobile's objections, are attached as **Exhibit 10**.  Express Mobile's objections to Shopify's witness list are attached as Exhibit 10A.

52.     Any witness not listed on the parties' witness lists (**Exhibits 9-10**) will be precluded from testifying absent good cause shown, except that each party reserves the right to call rebuttal witnesses to the extent the offering party could not reasonably have anticipated requiring testimony from such witnesses at the time of submission of this Pretrial Order, on reasonable notice to the opposing party. No party shall be required to present testimony from any witness on its list of witnesses. The listing of a witness by a party on its witness list does not waive any objections to that witness should the opposing party attempt to call that witness to testify, either live or by deposition.

53.     By 6:00 p.m. E.T. on August 16, 2022 (6 calendar days before the start of trial), the parties shall exchange updated witness lists which, in good faith, identify all of the witnesses each party "will call" live, "will call" by deposition, "may call" live and "may call" by deposition.  If a party has concluded at that point that it will not call a particular witness live or by deposition, that witness should no longer appear on that party's updated witness list.

54.     The parties propose that the Court rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures, and that a failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony.  The time taken to argue and decide such objections will be charged to the losing party, recognizing that the Court reserves the right to apportion such time as the Court deems appropriate.

55.     The parties reserve the right to modify or supplement their witnesses lists to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

56.     Given the evolving travel restrictions and guidelines related to the COVID-19 pandemic, the parties will meet-and-confer in good faith to address any accommodations necessary to facilitate witness participation at trial, including any adjustments to whether certain testimony will be presented live or via deposition transcripts and safety precautions (e.g., masks) consistent with the Court's procedures and any witness requests. Any requests for adjustments to the parties' witness lists (**Exhibits 9-10**) pursuant to this Paragraph shall be served in writing on the other party.

57.     The parties will identify specific witnesses that they intend to call on direct, and the order in which they will be called, by 7:00 p.m. E.T. 2 calendar days before the direct examination is expected to take place (by way of example, for the witnesses that a party intends to call on Monday, August 22, 2022, the party shall identify the witnesses and the order in which they will be called by 7:00 p.m. E.T. on Saturday, August 20, 2022). Each party shall identify which witnesses will be called live and which will be offered by deposition at that time. Any objections by the opposing party will be provided no later than 9:00 p.m. E.T. that same day. The parties shall meet and confer by 10:00 pm to resolve any objections regarding witnesses.

**B. Testimony by Deposition**

58.     With respect to deposition designations, the parties agree to exercise good faith to offer affirmative deposition designations only for witnesses the parties realistically expect to call as witnesses at trial.  The parties will have already exchanged designations, objections, counter-designations, objections to counter-designations, counter-counter designations, and objections to counter-counter designations.  By 7:00 p.m. E.T. two calendar days before the intended

15

introduction of any deposition testimony at trial, the proposed portions of testimony to be played

shall be identified, and the parties will meet and confer regarding any outstanding objections that

same day, by 10:00 p.m. E.T.  The parties will raise any outstanding objections with the Court

the following morning (one calendar day before planned use).   If the deposition testimony is

going to be played by video, the party offering the deposition testimony in its case-in-chief shall

provide a copy of the video to be played, in the form in which it is to be played (including any

editing or synching), as well as a clip report of the designated testimony, to the opposing party

by 7:00 p.m. E.T. 1 calendar day before the testimony is to be played.

59.     The parties will not play any deposition testimony during opening statements.

60.     If a party chooses to read a witness's designations at trial, all counter-designations

will also be read (subject to any objections) along with and interlineated with the affirmatively

designated testimony such that the entire portion of testimony is played in the order in which it

appeared in the transcript. If a party chooses to play a video of a witness's designations at trial,

all counter-designations will also be played in video (subject to any objections). Designations

and counter-designations will be read or played in chronological order. However, the party

offering testimony by deposition may elect to introduce less than all of the testimony it

designated in connection with this Pretrial Order, and the opposing party may elect to introduce

less than all of the testimony it counter-designated as well as any testimony previously

designated by the offering party.

61.     All irrelevant material such as attorney objections, colloquy between counsel, and

statements with the court reporter or videographer will be removed when the deposition is read

or played at trial.

62.     Regardless of whether deposition testimony is read or played by video, the time

available for each party's trial presentation shall be reduced by the length of its designations and counter-designations. The parties shall promptly meet and confer concerning the amount of time attributable to each party's designations and counter-designations and shall inform the Court of the allocation of the time.

63.     For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the company with which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be permitted to argue or comment on the evidence during transition statements.  For the purposes of allowing for objections, any party that wants to make a transition statement must disclose the transition statement with the deposition designations.

64.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts used for impeachment or cross-examination of a witness. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations. The parties agree that they may object to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.  Counsel impeaching a witness with prior deposition testimony may only use deposition transcripts to impeach.

## VIII.   PARTIES' BRIEF STATEMENT OF INTENDED PROOFS

### A.   Express Mobile's Statement

65.     Express Mobile's brief statement of intended proofs is attached as **Exhibit 11.**

### B.   Shopify's Statement

66.     Shopify's brief statement of intended proofs is attached as **Exhibit 12.**

## IX.   AMENDMENTS TO PLEADING

67.    Neither party intends to request an amendment to its pleadings at the present time.

## X.   MOTIONS *IN LIMINE*

68.    The parties have exchanged briefing on the motions *in limine* and filed those contemporaneously with the original Joint Pretrial Order in accordance with the Court's revised 2019 form Scheduling Order.

## XI.   CERTIFICATION OF GOOD FAITH SETTLEMENT EFFORTS

69.    The parties certify that they have engaged in a good faith effort to explore the resolution of the litigation by settlement. The parties, through their respective counsel, have considered the possibility of settlement. It was determined that the matter could not be resolved at this juncture by settlement. The parties have not participated in any mediation proceedings.

## XII.   OTHER MATTERS

### A.  Jury Trial

70.    This is a jury trial. There shall be eight jurors. The Court will conduct jury selection through the "struck-juror" method.

### B.  Witness Sequestration

71.    Fact witnesses who may be called (or re-called) to testify will not be permitted to attend any trial proceeding (outside of their own examination) at which testimony will be given, until such witness is fully excused, unless agreed to by the parties or ordered by the Court. For avoidance of doubt, expert witnesses who may be called (or re-called) to testify are permitted to attend all trial proceedings. Notwithstanding the foregoing, the parties may each designate one corporate representative who may attend all trial proceedings and need not be sequestered, subject to the confidentiality restrictions below, regardless of whether that representative is also a fact witness.  Express Mobile designates Steve Rempell as its corporate representative for trial

18

and Shopify designates Nicholas Simmons as its corporate representative.

### C. Length of Trial

72.     The case is currently scheduled for a five-day jury trial. Each trial day will begin at 9:30 a.m. E.T. and the jury will be excused at 5:00 p.m. E.T. Counsel will arrive to the Courthouse by 9:00 a.m. E.T. each trial day. The trial will be timed, as the Court will allocate to counsel for each party 11 hours in which to present their respective cases, including opening statements, direct examination, deposition designations, cross examination and closing arguments.

### D. The Parties

73.     During trial, to avoid jury confusion Express Mobile will be referred to as "Express Mobile" or "Plaintiff," while Shopify Inc. and Shopify (USA), Inc. ("Shopify") will be collectively referred to as "Shopify" or "Defendant."

### E. Order of Presentation

74.     The parties propose that unless the Court specifies otherwise, the order of presentation of evidence with be as follows:

- Opening Statements (Express Mobile first, followed by Shopify);

- Phase 1:  Express Mobile's presentation of evidence of issues for which Express Mobile bears the burden of proof, including infringement, damages, compliance with 35 U.S.C. § 287[7], and testimony from Messrs. Rempell or Brown relating to priority;

- Phase 2:   Shopify's presentation of evidence rebutting Express Mobile's

---

[7] As noted above in Section I, Express Mobile does not believe there are any factual issues regarding marking that should be presented to the jury because Shopify has not met its burden and its disclosures are untimely.  To the extent the Court permits Shopify to present marking to the jury, Express Mobile will

presentation, including 28 U.S.C. § 287,[8] and Shopify's presentation of evidence

on invalidity, including proving any alleged reference qualifies as prior art;

- Phase 3: Express Mobile's presentation of evidence rebutting Shopify's presentation of evidence on invalidity, including any expert testimony relating to priority; and

- Closing Arguments (Express Mobile first, followed by Shopify, followed by Express Mobile rebuttal).

**F. Handling of Confidential Information at Trial**

75.     The Protective Order (D.I. 17), insofar as it restricts the dissemination and use of

"Protected Information," including documents marked "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY – SOURCE CODE" shall generally not apply to the introduction

of evidence at trial.  However, in the event either party seeks to introduce into evidence and

publish to the jury non-public financial documents marked HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY that include discussion of future projections or other forward-

looking financial statements, the party whose financial information is at issue shall have the

opportunity to request that material be redacted or not shown on the screens to the public (and

any publishing be limited to the jury and the court) and to seek redaction of the trial transcripts

made available to the public.  Furthermore, the parties' corporate representative or persons

otherwise entitled to have access to another party's "Protected Information" may view another

---

present evidence regarding meeting its burden in Phase 1.

[8] As noted above in Section I, Shopify does not believe there are any factual issues regarding marking that should be presented to the jury.  To the extent the Court disagrees, however, Shopify agrees that Express Mobile should present any permissible evidence of alleged compliance as part of Phase 1 and Shopify will respond, as appropriate, in Phase 2.

party's "Protected Information" trial exhibits when shown in the courtroom during trial, only persons entitled to access "Protected Information" in accordance with the Protective Order shall have the right to review any information presented by either party at trial, including, but not limited to, exhibits and trial transcripts, outside the courtroom.

### G. Updates to Proposed Pretrial Order

76.     This Order shall control the subsequent course of the action, unless modified by the Court.

77.     The parties agree to work together to amend the Proposed Pretrial Order, subject to the approval of the Court, if any changes are warranted based on changed circumstances between the date of this filing and trial.

Dated: August 2, 2022

/s/ Daniel M. Silver

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:
Adam R. Brausa
Daralyn J. Durie
Timothy C. Saulsbury
Vera Ranieri
Raghav R. Krishnapriyan
Eric C. Wiener
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
ddurie@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
rkrishnapriyan@durietangri.com
ewiener@durietangri.com
wobyrne@durietangri.com

*Attorneys for Plaintiffs and Counterclaim Defendants Shopify Inc. and Shopify (USA), Inc.*

/s/ Timothy Devlin

Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
Robert Kiddie (admitted *pro hac vice*)
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

OF COUNSEL:
James R. Nuttall
Michael Dockterman
John L. Abramic
Robert F. Kappers
Tron Fu
Katherine H. Johnson
jnuttall@steptoe.com
mdocketerman@steptoe.com
jabramic@steptoe.com
rkappers@steptoe.com
tfu@steptoe.com
kjohnson@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Christopher A. Suarez
csuarez@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8131

*Attorneys for Defendant/Counterclaim Plaintiff Express Mobile, Inc.*