IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC., et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 19-439-RGA |
| EXPRESS MOBILE, INC., | : |
| Defendant. | : |

ORDER RE: MR. BATEMAN'S PROPOSED TESTIMONY

At my request, Defendant submitted a proffer (15 pp.) of Mr. Bateman's proposed testimony. (D.I. 387). Plaintiff filed responses and objections (40 pp.). (D.I. 391). Defendant replied (74 pp.). (D.I. 395). Three pages of a sur-reply (D.I. 396) followed.

Much of the proffer reads like that of a fact witness who has expertise as a software developer. Some of it is obviously objectionable (*e.g.*, D.I. 387 ¶¶ 16 (part) & 18), but there is a lot of it that seems permissible. Plaintiff generally says there is "claim construction," testimony from the "perspective of a POSA," and "expert testimony." (*Id.* at 2). Plaintiff's lengthy objections, though, mostly begin with objections that the testimony would be cumulative, the proffer is vague, or the testimony is unsupported, none of which are very compelling at this stage of the case. There are also objections to "expert" testimony, some of which might have some merit.

I will permit Mr. Bateman to testify as a fact witness about *why* he did or did not do certain things in connection with his work on the Blackberry MDS Studio. He can testify, to the extent he knows because of his work on developing it, as of February 2006, how the Blackberry MDS Studio operated and what it did or did not do. To the extent he or team of which he was a

part made design choices and considered various factors that went into making those choices, he can testify about that. Such fact testimony could support an argument to the jury about what would motivate a POSA to do X or not to do Y, or possibly relate to an expectation of success. The testimony is thus relevant, and, if presented according to the Rules of Evidence, would not be improper expert testimony and would not be substantially outweighed by any risk of being misleading or causing unfair prejudice to Plaintiff.

Individual questions can be objected to, and I will rule in the context of the witness's actual testimony and what overall I am hearing at the trial.

Nevertheless, to try to give Defendant some guidance as to what I will sustain objections to,[1] I ORDER that defense counsel and the witness adhere to the following directions:

1. The word "POSA," "POSITA," "person of ordinary skill in the art," and the like cannot be used during his testimony.

2. There can be no reference to the opening statements of lawyers (which Mr. Bateman will not see, as he will be sequestered) or to the testimony of any other witness (already given or anticipated) or to any reports of experts.

3. There can be no reference to the patents-in-suit or the accused products.

4. The words "motive" and "motivation," "disclose" and "disclosure" and the like cannot be used during Mr. Bateman's testimony.

5. Any direct testimony should be clear that it is based on his personal knowledge at the time (2006).

---

[1] Defendant is on notice that if it causes a mistrial by poor preparation or poor judgment in questioning Mr. Bateman, it will, at a minimum, have to pay Plaintiff's attorney fees and out-of-pocket expenses associated with the trial.

6. He cannot be asked about his understanding of any terms (in the patents-in-suit) that I have construed. Generally-speaking, any questions from counsel should not contain any terms, used in the patents-in-suit, that I have construed, unless Mr. Bateman has first used them in explaining the Blackberry MDS Studio.

IT IS SO ORDERED this 15 day of August 2022.

                                          /s/ Richard G. Andrews
                                          United States District Judge