IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 19-439-RGA |
| : | |
| EXPRESS MOBILE, INC., : | |
| : | |
| Defendant. : | |

ORDER RE: DR. ARNER'S PROPOSED TESTIMONY

At my request, Defendant submitted a proffer (19 pp.) of Dr. Arner's proposed testimony. (D.I. 386). Plaintiff filed responses and objections (44 pp.). (D.I. 389). Defendant replied (87 pp.). (D.I. 394). Two pages of a sur-reply (D.I. 396) followed.

It is pretty clear what Defendant is trying to do. Quite a bit of it is objectionable, but there is also some basis for permitting some of it.

I will permit Dr. Arner to testify as a fact witness about *why* he did or did not do certain things in connection with the "research and development work" described in the Arner '310 application. Such fact testimony could support an argument to the jury about what would motivate a POSA to do X or not to do Y, or possibly relate to an expectation of success. The testimony is thus relevant, and, if presented according to the Rules of Evidence, would not be improper expert testimony and would not be substantially outweighed by any risk of being misleading or causing unfair prejudice to Plaintiff.

Individual questions can be objected to, and I will rule in the context of the witness's actual testimony and what overall I am hearing at the trial.

Nevertheless, to try to give Defendant some guidance as to what I will sustain objections to,[1] I ORDER that defense counsel and the witness adhere to the following directions:

1. The word "POSA," "POSITA," "person of ordinary skill in the art," and the like cannot be used during his testimony.

2. There can be no reference to the opening statements of lawyers (which Dr. Arner will not see, as he will be sequestered) or to the testimony of any other witness (already given or anticipated) or to any reports of experts.

3. There can be no reference to the patents-in-suit or the accused products.

4. The words "motive" and "motivation," "disclose" and "disclosure" and the like cannot be used during Dr. Arner's testimony.

5. Any direct testimony should be clear that it is based on his personal knowledge at the time (2007).

6. Without my express permission, he cannot explain or state the meaning of any terms or phrases in the '310 application and anything incorporated into it, unless the term is an acronym. Generally-speaking, whatever meaning he might have thought a term had (or what he was trying to convey) is irrelevant. If, however, there are other terms that Defendant would like to have Dr. Arner explain, Defendant should submit a letter, without argument, by the COB Thursday, August 18, 2022, with the term and what his explanation of it would be.

IT IS SO ORDERED this 15 day of August 2022.

                                                            /s/ Richard G. Andrews
                                                           United States District Judge

---

[1] Defendant is on notice that if it causes a mistrial by poor preparation or poor judgment in questioning Dr. Arner, it will, at a minimum, have to pay Plaintiff's attorney fees and out-of-pocket expenses associated with the trial.